## Wesley P. Balch *vs.* Charles Onion.

If the indorsement of a note, payable on time, contains no date, and there is no evidence to show when it was made, the presumption is, that the transfer of the note was made at or soon after its date.

Where the promisor of a note, in the hands of an indorsee, by an indorsement without date, gave the latter a mortgage to secure the payment of all sums of money then due to him from the mortgagor, and it did not appear that any other sum was due than the said note, it was held, that the presumption was, that the transfer of the note took place before the making of the mortgage.

If the maker of a promissory note, which has been transferred by an indorsement without date, give the indorsee a mortgage, after six and within twenty years from the time of payment of the note, to secure the payment thereof, the mortgagor cannot redeem the estate mortgaged, without paying the amount due on the note.

THIS was a real action to recover possession of land in Medfield, mortgaged by the tenant to the demandant, by a mortgage deed dated the 10th of June, 1840. The only questions submitted to the court arose upon the report of

James Richardson, esquire, one of the masters in chancery for this county, to whom it was referred, as an auditor, to ascertain and report what sum, if any, was justly and equitably due from the mortgagor to the mortgagee. The auditor reported substantially as follows : —

The condition of the mortgage deed provided, that the same should be void, " if the said Onion, his heirs, executors or administrators, shall pay unto the said Balch, his heirs, executors, administrators or assigns, such sums of money as the said Onion may, at this time, owe the said Balch, with legal interest thereon."

In order to prove the indebtedness of the mortgagor to the mortgagee, at the time of the making of the mortgage, the demandant produced in evidence a promissory note, with certain written transfers indorsed thereon, of which note and indorsements the following are copies : —

- " Boston, July 11th, 1829. For value received I promise to pay John D. & M. Williams, or order, three hundred and seventy-five dollars in eighteen months, with interest. Charles Onion. Witness — Silas P. Holbrook."

" We hereby, for value received, transfer this note to Samuel Johnson and Wesley P. Balch, or their order, without recourse to us. Jno. D. & M. Williams."

" I hereby transfer the right, title and interest which I have, as administrator of Samuel Johnson deceased, to one half of this note, without recourse. Samuel Johnson, administrator of Samuel Johnson deceased."

Neither of the signatures was disputed, and there was no date to either of the transfers. No other evidence was offered on either side, and the mortgagee disclaimed any other indebtedness to him by the mortgagor, than what arose from the transfer of the note.

It was contended, on the part of the defendant, in the first place, that there was no sufficient evidence of indebtedness from him to the plaintiff, at the time of making the mortgage, because it did not appear, that the note was transferred to the plaintiff before that time ; but the auditor ruled, that where the transfer of a negotiable note was without date, the pre-

sumption was, that the transfer was made about the time or soon after the time of making the note; and that in this case, the presumption, that the transfer was made before the mortgage was given, was strengthened by the consideration, that, for any thing appearing to the contrary, the money due on the note was the only sum which the mortgagor owed to the mortgagee, at the time of the making of the mortgage, and that otherwise the making of the mortgage was entirely useless.

The defendant contended, secondly, that admitting the transfer to have been made before the mortgage, still there was no legal indebtedness to the plaintiff, on the part of the defendant; for, although the note was duly attested, yet such attestation did not take the note out of the statute of limitations, when transferred and in the hands of an indorsee; and there was consequently no legal indebtedness thereon from the mortgagor to the mortgagee. The defendant attempted to distinguish the case from that of a note secured by mortgage, and barred by the statute of limitations, while in the hands of the original promisee; in which case, he admitted that the mortgage would be available, although a suit on the note might be defeated by setting up the statute of limitations as a bar.

But the auditor, assuming that the note was legally transferred to the demandant by the indorsements thereon, according to the legal presumption, was of opinion, that the making of the mortgage was in equity an acknowledgment in writing, on the part of the defendant, that the amount thereof was justly due; and as the defendant's object was, by a hearing in equity, to defeat the operation of his deed, and relieve the estate from the incumbrance, he must himself conform to the principles and rules of equity, and pay the plaintiff what was equitably due to him, namely, the amount of the note and simple interest thereon, according to the tenor of the same.

*J. J. Clarke,* for the defendant.

*E. Wilkinson,* for the plaintiff, was not called on.

BY THE COURT. The court concur in opinion with the auditor on both points.