## PECK *vs.* HARRISON AND ANOTHER.

Where claims, allowed in the report of the commissioners on an insolvent estate, are subsequently paid, it is the duty of the court of probate, to allow dividends, only upon such as remain unsatisfied.

An administrator, having sold land, belonging to the insolvent estate of a deceased person, conveyed to the appellant and purchaser, all the interest, which the deceased had in said lands, at the time of his death. A promissory note, allowed, by the commissioners, as a claim against such estate, and secured by a mortgage upon the land sold, was afterwards paid by the purchaser, to whom the mortgagee delivered said note, with the name of the deceased erased therefrom, and released his interest in said land. On an appeal, by such purchaser, from a decree of said probate court, directing the administrator to pay a dividend upon all the claims allowed by the commissioners, excepting such note, which the court found had been cancelled;

it was held, 1. That parol evidence was admissible, to show that, at the time of such sale, said administrator, with the knowledge of the purchaser, gave public notice that said land would be sold, subject to the incumbrances thereon, and that the buyer must remove them, and therefore, that, in paying said note, said purchaser was discharging an obligation which he had himself assumed; and, 2. That said order was valid.

THIS was an appeal from a decree of the court of probate, for the district of Cornwall, made in the progress of the settlement of the insolvent estate of Hopkins T. S. Johnson, deceased. The cause was heard before the superior court for Litchfield county, at the February term, 1854, when the court found the following facts, and reserved the case, for the advice of this court.

Johnson, at the time of his decease, was indebted to Thomas and Myron Bartholomew, by note given for the sum of $1,060, and secured by a mortgage upon certain real estate. The commissioners upon the estate, in their report, allowed the Bartholomews a debt of $478.67, being the balance due on their note.

After their report was made, the court of probate, by an order, directed the administrators to sell all the real estate of the deceased, for the payment of his debts. Under this order, they sold the lands, mortgaged to the Bartholomews, at public vendue, to Peck, the appellant, and gave him a deed, conveying to him all the interest which Johnson had in those lands, at the time of his decease.

Upon their return of sale, the court of probate declared a dividend of 65 cents, payable to the several creditors, with the exception of the Bartholomews, whose debt, the court found, had been cancelled by the collateral security held by them.

At the time of the sale, there were two dower rights, existing as incumbrances upon the lands, and also the mortgage to the Bartholomews. The appellees proved, by parol evidence, that, at the time of sale, the administrators gave public notice, that the lands would be sold, subject to those

incumbrances, and that the purchaser must remove them; which the appellant, at the time of the purchase, knew and understood.

To the admission of this evidence, the appellant objected, but it was received, subject to the opinion of the supreme court of errors.

After his purchase from the administrators, Peck paid the Bartholomews, the amount due upon their note, and they delivered to him the note, with the name of Johnson erased therefrom, and also gave him a quit-claim deed of the mortgaged premises, but did not suppose that they were assigning to him the note, as an unsatisfied debt.

The appeal was taken from the order of the court of probate, declaring the dividend.

*J. H. Hubbard* and *Graves*, for the appellant, contended,

1. That parol evidence was inadmissible, because all oral stipulations, prior to, and at the time of, the sale of real estate, are merged in the deed, and that the administrator had no power to make such conditions of sale, as are claimed by the appellant. Such authority would embarrass the settlement of estates.

2. It appears, upon the record, that the appellant was the assignee, and, in fact, the owner of the debt in question. He purchased the mortgage of the creditors, the premises were conveyed to him by the mortgagees, and the note was delivered to him; which, in equity, would authorize him to foreclose the mortgaged premises.

3. A court of probate has no power to expunge from the report of commissioners, a claim allowed by them; the only mode of relief, to the party aggrieved, being by review, or an application to open the commission. *Gridley* v. *Hosmer*, 2 Conn. R., 850. Rev. Stat., 1849, 361. Sw. Dig., 466. 10 Conn. R., 232, 282. *Peck* v. *Sturges*, 11 Conn. R., 420. 2 Conn. R.

*Wheaton* and *Woodruff*, for the appellees, contended,

1. That the law is now well settled, that the consideration, expressed in a deed, is but *prima facie* evidence of the actual consideration, and liable to be varied by parol. *Sparrow* v. *Smith*, 5 Conn. R., 113, 117. *Belden* v. *Seymour*, 8 Conn. R., 304. *Meeker* v. *Meeker*, 16 Conn. R., 383. *McCrea* v. *Purmort*, 16 Wend., 460. *Clapp* v. *Tirrell*, 20 Pick., 247. *Barker* v. *Dewy*, 8 E. C. L., 193.

2. That the appellant paid the debt in question, in pursuance of his agreement, and as a part of the consideration of the deed to him, and took no assignment of the note, but received it cancelled. The quit-claim deed, from the mortgagees, gave the appellant no interest in the debt, for that was paid, and cancelled.

3. That the appellant shows no interest in the subject of the appeal, and cannot be aggrieved, by the decree of the court of probate. Rev. Stat., 213.

WAITE, J. The first question is, whether parol evidence was admissible, to prove what was said and done, at the time of the sale of the property of the deceased to the appellant, relative to the debt for which it was mortgaged.

The evidence, taken in connection with the subsequent payment of that debt to the Bartholomews, went to show, that Peck, in making that payment, was discharging an obligation, which he had assumed upon himself, and not acting in the capacity of a purchaser. Payment may always be proved by parol.

Besides, Peck, in order to sustain his appeal, must show, that he is *interested* in the estate, and he claims no other interest, than as a *purchaser* of that debt. The release deed from the Bartholomews, conveyed to him no interest in the debt allowed by the commissioners, and their delivering him the note, with the maker's name erased, of itself, proves no assignment.

To support his claim, therefore, parol evidence must be relied upon by him, and, if it is admissible, to prove a purchase, it is equally admissible to disprove it.

It is said, that the administrators had no power to sell, in the manner it is claimed they did. But the mortgagees were under no obligation to release their interest in the property mortgaged to them, until paid the full amount of their debt. The administrators, therefore, could make no valid sale, without making some arrangement for such payment, and that might well be accomplished in the manner claimed.

Again, it is said, that the contract with Peck was one relating to the sale of land, and cannot be proved by parol evidence. But the evidence related only to the *consideration* of the deed, whether the Bartholomew debt constituted a part of it, or not, and the consideration of a deed, after the conveyance has been made, may always be shown, by parol evidence. *King et al.* v. *Woodruff*, 23 Conn. R., and cases there cited.

Again, it is said, that the evidence was not sufficient to prove payment. If that were so, it would not affect the question, as to its admissibility, which is the only one reserved for our advice. We think, however, if true, it sufficiently shows, that Peck was not a *purchaser* of the debt, and acquired no title to the dividend, to be declared upon the debts, allowed against the estate.

Again, it is said, that the court of probate had no power to make an order, that no dividend should be paid upon any particular debt, allowed by the commissioners. In ordinary cases, this is so; but the rule does not apply to a case like the present.

When the claim of the Bartholomews was allowed by the commissioners, it was a just debt against the estate, and one which they were entitled to have allowed them. But the debt had become subsequently paid, out of the property mortgaged to them, as collateral security, and thus, as against the estate, had become extinguished.

When the court enquired into this matter, it did not at all interfere with the doings of the commissioners. Their decision was right, and the enquiry by the court, related only to matters subsequent. To allow a dividend to be paid upon a debt, after it had been extinguished, out of the assets of the estate, would be palpably unjust.

Suppose the administrators had paid the debt, for the purpose of enabling them the better to sell the real estate, mortgaged for its security; could it be claimed, for a moment, that the Bartholomews would also be entitled to a dividend?

It was clearly the duty of the court of probate, in declaring a dividend, to enquire and ascertain what debts had been paid, subsequently to the report of the commissioners, and allow dividends, only upon such debts as remained unsatisfied.

We are, therefore, of opinion that there is no error in the doings of the court of probate, and so advise the superior court.

In this opinion the other judges concurred.

Decree of probate affirmed.