35   121
59   587
35   121
62   151

35   121
63   341

35   121
676  418
76   421
35   121
477  674

JOHN G. MIX'S APPEAL FROM PROBATE.

A court of probate has power, in its final decree settling an administration account, to correct any errors made in any former and partial settlement of the account.

On an appeal from a decree of a probate court settling an administration account, but refusing to allow a correction of an error in a former settlement, the appellees offered proof of a different item with which the administrator ought, as they claimed, to be charged. Held to be inadmissible.

APPEAL from a decree of a probate court, settling the account of the appellant as administrator on the estate of Joseph E. Webster ; taken to the Superior Court in Hartford County. The Superior Court (*Loomis, J.,*) reversed the decree appeal-

ed from, and the appellees brought the record, which contained a finding of the facts, before this court by a motion in error. The case is sufficiently stated in the opinion.

*Goodman*, for the plaintiffs in error.

*Welch*, for the defendant in error.

CARPENTER, J. On the 28th day of June, 1864, the appellant, as administrator on the estate of Joseph E. Webster, deceased, presented to the court of probate an administration account, which was intended as a preliminary, and not as the final account, in which he erroneously, and through mistake and inadvertance, charged himself with the whole of the personal property embraced in the inventory, only twenty-six eightieths of which belonged to the estate. In his final account he attempted to correct the mistake, by charging to the estate the sum of $419.85, that being the amount erroneously charged to himself in the first account. The court of probate refused to allow this item, and he appealed to the Superior Court. The Superior Court reversed the judgment of the court of probate, and decreed that that amount should be allowed the appellant. On the trial in the Superior Court the appellees objected to the evidence offered to prove the mistake, upon the ground that the decree of the court of probate, allowing the first account, was conclusive. We are not disposed to question the proposition that a decree of a court of probate, unless appealed from, is final and conclusive upon the parties, as to all matters within its jurisdiction which are necessarily involved in the issue. The question here is, whether this case falls within that principle. A distinction is to be observed between orders and decrees made during the settlement of an estate, which are merely *preparatory* to a final settlement and distribution, and a final decree adjusting and closing an administration account. The latter only possesses the elements of a final judgment ; the former are preliminary, and subject to change or modification, as the exigencies of the case and the demands of justice may require. We believe the practice

has been, and now is, for the court of probate, in adjusting the final account, to rectify all mistakes in the prior proceedings. Thus property embraced in the inventory which belongs to other parties, is charged to the estate in the administration account, and no probate judge hesitates to allow it. No one will seriously contend that the decree of the court accepting the inventory is conclusive upon the administrator as to the title of all the property therein named. If an administrator, in making a return of sale of real or personal property, makes a mistake in the amount realized, we know of no principle prohibiting the court of probate from rectifying the mistake in the settlement of the administration account. We cannot see why the court should not apply the same rule to a mistake in a mere preliminary statement of an account, especially if it is not intended by the administrator, nor regarded by the court, as a final account.

Courts of probate, as to all matters within their jurisdiction, are clothed with chancery powers, so far as may be necessary to enable them to do full justice between the parties. As a court of chancery will, in passing a final decree, correct mistakes, if any, in the interlocutory orders and decrees, so will a court of probate, in furtherance of justice, correct mistakes in its prior proceedings. We ought not therefore to give the decree in question the force and effect of a final decree. For these reasons we think the superior court did right in admitting evidence to prove the mistake.

Another question is made concerning the admission of evidence, offered by the appellees and rejected by the Superior Court, to prove that the appellant had received certain personal property belonging to the estate, which was not inventoried, and not accounted for in the administration account. The pleadings do not present a formal issue ; but under our practice the case stands upon the general issue, or a simple denial by the appellees of the truth of the allegations contained in the reasons of appeal. If so, that, and that alone, so far as questions of fact were concerned, was the issue to be tried. As the pleadings contain no reference to this matter,

we think the court did right in excluding the evidence. But suppose all that the appellees claim in this respect to be true, what then ? We do not see how that can affect the propriety of the appellant's charge. The error of the probate court in rejecting that must still be corrected; and we know no better way than to allow that charge, and leave the appellees to their appropriate remedy—a suit on the bond.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.