This is a final hearing in a cause on the so-called Fair Trade act. Rev. Stat. 56:4-3 to 6. The method adopted by complainant in order to take advantage of the statute was to *Page 302 
make a price-fixing contract with only one of the dealers retailing its product — nail polish — and then to notify the other dealers and the trade in general, of the existence of that contract and the price so established.
No valid objection can be taken to this procedure. While most producers make identical price-fixing contracts with a large number of their customers, that course is unnecessary; a single valid contract is enough to put the statute in operation.
Complainant's contract was made last September with one Eckert, a beauty parlor owner. In the next three months, or until the hearing of the suit, he sold less than a dozen bottles of the nail polish. It is doubtless so, that to be an effective basis for the suit, the contract must be a bona fide one. To take an example suggested by counsel, a contract establishing the resale price of nail polish, made, let us say, with a lawyer, a man who does not sell or expect to sell, nail polish, would be a fraud on the statute and would not entitle complainant to relief. But the contract need not be with a large dealer. Eckert was and still is, in the business of selling nail polish, abiding by the terms of his agreement. The contract with him is sufficient for the purpose of the suit.
The only other question in the cause arises out of the refusal of complainant to supply defendant with nail polish. The circumstances are these: Complainant's polish is sold through a wholesaler to beauty parlors where much is used and some is resold. The beauty parlors are complainant's principal outlet, but it also sells to department stores. Complainant finds that beauty parlors will not push its product if it is also sold by drug stores. Hence it refuses to sell to drug stores and tries to prevent them from handling its nail polish. Defendant operates a drug store and, with two or three other druggists in Newark, obtains the product in some way unknown to complainant.
A producer, while unfairly discriminating against a dealer, cannot obtain the aid of chancery against him. To obtain equity, one must do equity. Lentheric, Inc., v. Weissbard, 122 N.J. Eq. 573.
But in the present case, complainant does not discriminate against defendant. Defendant happens to *Page 303 
belong to a class — druggists — with whom complainant believes it poor policy to deal and who, it hopes, will not handle its product. Complainant's refusal to sell to defendant is not inequitable. Relief in chancery is not conditional upon complainant's pursuing any particular method of doing business. It may properly adopt such general policies consistent with sound business ethics, as it believes will promote its business. The injunction will be granted.