BESSIE A. REILEY, ADMINISTRATRIX (ESTATE OF EDWARD B. REILEY) ET AL. *v.* PATRICK HEALEY, ADMINISTRATOR D. B. N. (ESTATE OF EDWARD B. REILEY).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 3d—decided April 8th, 1938.

*John H. Cassidy* and *Walter W. Smyth,* for the appellant (plaintiff The American Surety Company of New York).

*John F. McLinden,* with whom, on the brief, was *Clayton L. Klein,* appeared for the appellant (named plaintiff) but did not argue the cause.

*Nathaniel R. Bronson,* for the appellee (defendant).

MALTBIE, C. J.   This proceeding is an appeal from a probate decree disallowing a final account filed by Bessie A. Reiley who had been administratrix upon the estate of her deceased husband, Edward B. Reiley, but had been removed.   In the Superior Court, the American Surety Company, surety upon her bond as administratrix, filed an account for her, and requested the court after hearing upon it, to accept and allow it. The court acted upon that account, and, after making certain corrections in it directed its allowance as a final administratrix's account.   An appeal was taken to this court, and we found error in the action of the

trial court as to certain items, set its judgment aside and ordered a new trial. *Reiley* v. *Healey,* 122 Conn. 64, 187 Atl. 661. The matter was again heard by the Superior Court. It then dismissed the appeal from probate and an appeal to this court has been taken by the administratrix and the Surety Company.

One of the conclusions of the Superior Court, which, if correct, would end the matter before us and before it, is that the only decree from which an appeal would lie was one disallowing an account filed in June, 1934, and that from that decree no appeal was taken. Irregularities in procedure in the Court of Probate, the inept way in which the matter was presented in the Superior Court and is presented to us, and the seeking for advantages which seems to have characterized the course of counsel makes it difficult to review this conclusion.

We have not before us the file of the probate proceedings, nor has the trial court made any findings as to the course of procedure in that court. There is, however, printed in the record an account sworn to by the administratrix on June 27th, 1934, which is apparently the one alleged in the reasons of appeal to the Superior Court to have been filed in the Court of Probate on June 30th, 1934; and there appears also another account sworn to by her on August 16th, 1934. To this is attached a decree by the judge of probate, dated August 16th, 1934, reciting that a sworn return of a notice of a hearing had been given in accordance with an order made on June 30th, 1934, accepting that return and disallowing the account. This was followed by a motion for an appeal and order by the Court of Probate thereon, both of which referred to the decree appealed from as one disallowing the final account of Mrs. Reiley as administratrix, without in any way identifying the particular account referred

to. In the reasons of appeal to the Superior Court filed by the Surety Company it is stated that the hearing of the first account filed by the administratrix was continued, to allow the administratrix to prepare a corrected account, and that she did file a later account, apparently that sworn to by her on August 16th, but that the Court of Probate refused to hear the matter further and disallowed the first account. These statements are not denied; they accord with the decree made by the Court of Probate reciting an order of notice made before the second account was filed; and they afford a reasonable explanation of the situation. At any rate, the Court of Probate made a decree disallowing the final account filed by the administratrix; when the case came to the Superior Court, as before stated, another account was filed therein by the Surety Company; it asked the Superior Court, after hearing, to accept and allow it; and the Superior Court proceeded to correct it and allow a final administratrix's account upon that basis. The reasons of appeal are in accord with the trial court's conclusion that the only decree from which an appeal could be taken was that disallowing the account filed in June; despite the apparent inconsistency in annexing the decree disallowing the account to the second one filed, the proceedings, as far as the record before us shows, were treated as all based on the first account; and the probate appeal is broad enough to apply to the decree as one disallowing that account. The trial court, as far as the record before us shows, was in error in concluding that no appeal was taken from the decree disallowing the account filed in June.

The other conclusions of the trial court were that any attempt by it to pass upon the issues of law and fact in the case would make confusion, that only an account filed in the Court of Probate could result in

an orderly statement and definite determination of the facts; and that the appellants before it had made no case whereby the court could properly pass upon the partial sums and figures shown in the account which was the subject of the appeal. In our former opinion in this case we stated that, upon an appeal from a decree upon an administratrix's account, the Superior Court might, even though it found the account filed in the Court of Probate incorrect, settle the account. Whether it should do this is a matter within its discretion, ordinarily reviewable only to determine whether that discretion has been reasonably exercised. The situation in this case is somewhat out of the ordinary. The Superior Court, when the case came before it the first time, did, as we have said, settle the administratrix's account upon the basis of one filed in it. We found error and directed a new trial. When the case came again before the Superior Court no new pleadings were filed and the case stood as it did at the first hearing. While the Superior Court on the second hearing might, within the limits of the rescript on the former appeal, have reached the conclusion that it ought not to proceed to settle the account, such a result could be properly reached only upon the basis of something materially changing the situation before the court, yet, so far as we can determine, there was nothing which so affected the case as to prevent the court proceeding with it on the second hearing upon the same basis as that upon which it acted when the appeal first came before it.

When an appeal is taken from the refusal of the Court of Probate to allow an account filed in it, some of the considerations which the Superior Court should regard in determining, if it finds that account to be incorrect, whether to settle the account or to dismiss the appeal and leave the matter to the Court of Pro-

bate, are these: First, and perhaps most important, the extent to which, if at all, the settlement of the account by the Superior Court will expedite the final settlement of the estate; also, the nature of the questions presented and, particularly, whether some or all of them concern matters the exclusive jurisdiction to determine which in the first instance is vested in the Court of Probate; the relationship between the particular questions presented upon the appeal and the settlement of the estate as a whole; the way in which the appeal is presented to the trial court and whether the court has before it sufficient facts upon which it can reasonably proceed in the matter.

Most of the questions at issue on the former appeal to us, the same questions, so far as appears on this record, presented to the trial court upon the remand, depended upon a finding of the underlying fact whether the administratrix exercised due diligence and prudence in administering the estate, a question which the Superior Court could determine as well as could the Court of Probate, and which, if first answered by the latter court, would very probably still be presented to the Superior Court for decision de novo upon another appeal to it. The determination of this issue by the Superior Court in the first instance will almost necessarily expedite the final settlement of the estate. We pointed out on the former appeal that if the Superior Court could not determine the question whether the entire amount of the allowance made to the administratrix for the support of herself and family should be credited to her, it could settle the account except for this item and remand the matter to the Court of Probate with appropriate directions for its decision as to it. The only other issue which was before us on the former appeal and which is apparently in controversy between the parties, was defi-

nitely determined by us as a question of law. That the trial court did not have before it a sufficient basis to settle the account is not apparent on the record. Where an executor or administrator presents an account, the burden is upon him to prove the facts involved in it, and if he fails of proof as to any issue, it must be found against him; if he fails to justify the allowance of claimed credits they must be disallowed. In this case the Superior Court was apparently confronted with no difficulties that, upon the dismissal of the appeal, the Court of Probate would not have to meet, and certainly it was as competent to deal with them as the Court of Probate would be.

In short, we are unable upon this record to find any reason why, upon the second hearing, the Superior Court should not have proceeded to retry the case in the light of the opinion of the court upon the former appeal and proceed to settle the account, except as to any issue the determination of which in the first instance is vested exclusively in the Court of Probate. Such a course seems to be the only one which holds promise of bringing this protracted litigation to a reasonably speedy conclusion. We join with the trial court in the hope that counsel may feel themselves inspired to coöperate to bring to an end this long drawn out controversy by evincing a sincere effort to give to the court all possible aid in reaching a just conclusion, with at least a modicum of technicalities of procedure.

One ruling on evidence perhaps should be noticed. The trial court, over objection of the plaintiffs, admitted in evidence a part of the record of the Court of Probate showing that on January 7th, 1936, the defendant represented the estate to be insolvent and that the court thereupon ordered that it be settled as insolvent. Any estate may be settled as insolvent if

the Court of Probate deems it expedient, even though it is not found actually to be insolvent. General Statutes, § 4934. The order of the Court of Probate was not a decision that the estate of Mr. Reiley was in fact insolvent, and, apart from the remoteness in time from any matters involved in the appeal, that order was irrelevant to prove the insolvency of the estate. What other purpose the representation and order could serve we cannot see. The admission of this part of the record of the Court of Probate was erroneous, as far as anything disclosed on the record shows.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.