MIKE J. BOHUN ET ALS. *v.* NICHOLAS KINASZ, EXECUTOR (WILL OF JACOB BOHUN).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued June 16th—decided July 15th, 1938.

*Max H. Schwartz,* with whom, on the brief, was *Alexander Winnick,* for the appellants (plaintiffs).

*Thomas E. Troland,* with whom was *Edmund J. Eshenfelder,* for the appellee (defendant).

JENNINGS, J. The sole question pursued on this appeal is whether or not an abandoned wife can recover from the estate of her deceased husband sums spent by her from her own funds for her necessary support.

The facts are not in dispute. Jacob and Helen Bohun were married in New Jersey and in 1912 they moved to East Lyme where they continued to reside together until 1925. During this entire period, Jacob treated Helen with extreme cruelty. She endured this until May 5th, 1925, when Jacob put her out with the statement to her that he could get plenty of other women outside of his home. Thereafter she supported herself and (in part) her children and her husband furnished her with no support whatever, although he was able to do so. She did not, prior to the death of her husband, make any claim against him for support nor did she request him to support her. Seven dollars a week was a reasonable sum for her support and she paid this sum and more for this purpose after she was put out by her husband. Jacob Bohun died on October

19th, 1936, leaving an estate consisting of two deposits in savings banks amounting to over $8000. Among the claims presented to the executor and allowed by him was one of $3794 presented by his widow for her support, under the circumstances indicated above. The trial court came to the conclusion that this claim was properly allowed and included it in full in the restatement of the account.

The plaintiffs, heirs and legatees of Jacob Bohun, claim that this action was erroneous for the following reasons: the right of a wife to receive support is prospective in nature and she cannot recover for past support unless she can base her claim on some judgment or decree; she has no claim for reimbursement under General Statutes, § 5155; her claim is barred by the Statute of Limitations and her laches, and, in any event, was terminated by the death of her husband.

The terms of the claim are set out only generally in the finding. No effort was made by the plaintiffs to secure any greater particularization of the issue. It therefore lacks that clarity which would result from the pleadings filed in an ordinary action.

The question of the recovery by a wife of past support does not seem often to have arisen. It was allowed, in addition to a decree for future periodical payments, in the case of *Artman* v. *Artman,* 111 Conn. 124, 149 Atl. 246, but no question was made as to such recovery in that case, it apparently being assumed that it was proper if any recovery at all was allowed. In *De Brauwere* v. *De Brauwere,* 203 N. Y. 460, 96 N. E. 72, it was held in a carefully reasoned opinion that a wife may bring an action against her husband for reimbursement for amounts expended by her for necessities. *Sadowsky* v. *Sadowsky,* 51 Okla. 689, 697, 152 Pac. 390, also approves recovery in a proper case

but stresses the "involuntary" character of the payments. *Kosanke* v. *Kosanke,* 137 Minn. 115, 116, 162 N. E. 1060, allows the recovery on the ground that the expenditures were made in the expectation that they would be repaid. In *McIlroy* v. *McIlroy,* 208 Mass. 458, 94 N. E. 696, the wife recovered past expenditures from her husband's estate but there was a court order for support. See also *McNally* v. *Weld,* 30 Minn. 209, 213. Recovery for past support was definitely refused in *Carr* v. *Carr,* 6 Ind. App. 377, 33 N. E. 805. That case was brought under a nonsupport statute and holds, as do ours in Connecticut, that such statutes are concerned only with future support. *Wethersfield* v. *Montague,* 3 Conn. 507; *Cunningham* v. *Cunningham,* 75 Conn. 64, 52 Atl. 318. *Gonzales* v. *Gonzales,* 117 Tex. 183, 300 S. W. 20, turned on the construction of Texas statutes.

General Statutes, § 5155, as amended by Cum. Sup. 1935, § 1596c, provides in part that "It shall be the duty of the husband to support his family, and his property when found shall first be applied to satisfy any such joint liability." This clearly establishes the primary obligation of the husband to support his family. *Katz* v. *Cohn,* 122 Conn. 338, 341, 189 Atl. 594. The common law relied on this obligation to enable third persons furnishing the family with necessaries to recover therefor from the husband. *Edgerton* v. *Edgerton,* 12 Mont. 122, 131, 29 Pac. 966. The wife could have recovered similarly but for her common-law disability to sue her husband. That disability having been removed by statute (General Statutes, § 5154) her right is now complete and arises out of quasi contract. *De Brauwere* v. *De Brauwere,* supra. The wife in the case at bar was faced with the alternatives of destitution for herself and her children or of using her own money earned by personal service.

She was forced to pay an obligation for which another was primarily liable. *Waters* v. *Waters,* 110 Conn. 342, 345, 346, 148 Atl. 326; 3 Page, Contracts, § 1543. As was said in the *De Brauwere* case, page 464, "The plainest principles of justice require that a wife should have some adequate legal redress upon such a state of facts."

Many of the cases involving actions by the wife for support are suits in equity. The reason for the resort to equity is because the relief which can be obtained at law is inadequate, or to prevent multiplicity of suits. *Edgerton* v. *Edgerton,* supra, 133. Thus in *Artman* v. *Artman,* supra, and *Smith* v. *Smith,* 114 Conn. 575, 159 Atl. 489, the continuing order requested, operating in the future, could not have been obtained in a legal action. In *Kenyon* v. *Farris,* 47 Conn. 510, resort was had to the purely equitable doctrine of subrogation. No such considerations exist in this case. The remedy at law is complete and there is no danger of multiplicity of suits.

It follows that the plaintiff's claim is legal rather than equitable and that the ordinary six year statute of limitations in force at the time the claim was filed applies. General Statutes, § 6005; *Wagner* v. *Mutual Life Ins. Co.,* 88 Conn. 536, 544, 91 Atl. 1012; *Hull* v. *Thoms,* 82 Conn. 647, 74 Atl. 925; *Hoskins* v. *Saunders,* 80 Conn. 19, 21, 66 Atl. 785.

The remedy afforded by General Statutes, § 5155, as amended, is not exclusive. *Fitzmaurice* v. *Buck,* 77 Conn. 390, 391, 59 Atl. 415. Our survival statute, General Statutes, § 6030, is sufficiently broad to save the claim. *Porpora* v. *New Haven,* 122 Conn. 80, 95, 187 Atl. 668. The numerous cases cited by the plaintiffs in oral argument all relate to a New York rule that death abates all claims for temporary alimony.

The claim of Helen Bohun should be allowed in the amount of $2184 instead of $3794.

The account was filed in the Court of Probate as a final account. Upon the appeal to the Superior Court that court corrected it in certain respects and allowed it as so corrected. It appears, however, from the memorandum of decision that the amount as so stated made no allowance to the executor for attorneys' fees in connection with the appeal to the Superior Court, costs of court, and other like items with which the trial court states the executor would be credited on his "final account." The amount of the allowance to the executor for attorneys' fees is a matter primarily in the discretion of the Court of Probate and this item should not be included in the account as stated and allowed by the Superior Court. *Reiley* v. *Healey*, 122 Conn. 64, 79, 197 Atl. 661, S. C., 124 Conn. 216, 221, 198 Atl. 570. The trial court may properly allow credit to the executor for any proper expenditures he has made or it may leave that matter to the Court of Probate. The item stating the amount on hand for distribution will be affected by the change in the allowance to Helen Bohun and by any further credits the Court of Probate may allow to the executor and this item should not be included in the judgment. The judgment should state that the account allowed by the Superior Court is settled only as regards the items included in it.

There is error; the judgment is set aside and the trial court directed to enter judgment in accordance with that now on file except as directed in this opinion.

In this opinion the other judges concurred.