## JENNIE M. C. IZZO
### *vs.*
## LEONARD IZZO

Superior Court   Fairfield County   File No. 55643

MEMORANDUM FILED MAY 18, 1939.

*Shannon & Wilder*, of Bridgeport, for the Plaintiff.

*Samuel Tedesco*, of Bridgeport, for the Defendant.

McEVOY, J. This is an action brought by a wife against

her husband to recover certain expenditures made by her for the benefit of the husband and for the support of the children.

It is practically admitted that the expenditures were made.

The main claim, upon the part of the defendant, is that the plaintiff was not "compelled" to make these payments. To sustain this claim reference is made to the decision of Cornell, J., in *Delle vs. Delle,* 3 Conn. Sup. 211, but, at page 214 of that citation Judge Cornell, in giving illustrations of situations where such payment might be required as having been "compelled" gave a subdivision as follows: "(2) In such a situation as exerts a moral pressure so great as to contain the element of compulsion....as contradistinguished from an appeal to maternal instincts or solicitude."

The evidence discloses that the payments which were actually made, by the plaintiff, were made under just such circumstances, that is, under moral pressure and not voluntarily.

The complaint contains items which were "demanded" from the plaintiff as distinguished from those which were paid by her.

The actual amount paid by her, to the date of the complaint, is $1,900.89. There are, included in the complaint, and included in the evidence, some items for which demand has been made but for which no payment has been made.

It would seem that under the provisions of section 1596c of the Cumulative Supplement to the General Statutes (1935), that, in order to support a recovery in such an action, payment is required—as distinguished from mere demand.

It may be that when payment is actually made of the remaining items that action will then lie in favor of the plaintiff and against the defendant for the sums so made.

Under these circumstances it would seem advisable for the litigants to take these items into consideration when the adjustment is made of the present judgment.

Some claim is made as to the right of the plaintiff to recover under the circumstances and by virtue of the provisions of said section 1596c.

This would seem to be determined by the decision in *Bohun et als. vs. Kinasz,* 124 Conn. 543, where, at page 546, our

'Supreme Court said: "The wife in the case at bar was faced with the alternatives of destitution for herself and her children ·or of using her own money earned by personal service. She ·was forced to pay an obligation for which another was pri-·marily liable....'The plainest principles of justice require ·that a wife should have some adequate legal redress upon such ·a state of facts.' "

Judgment may enter in favor of the plaintiff to recover of ·the defendant $1,900.89 and her costs.