## ROSE CULLUM, JOSEPH NOCERA AND FRANCIS NOCERA'S APPEAL FROM PROBATE

Superior Court New Haven County File No. 13661
At Waterbury

MEMORANDUM FILED MAY 18, 1942.

*Thomas R. Fitzsimmons*, of New Haven, and *George A. Stokes*, of Waterbury, for the Appellants.

*William W. Gager*, of Waterbury, for the Appellee.

McEVOY, J. While the litigants are in disagreement as to just what items are brought into this court by the appeal from the court of probate, an attentive observation of all of the witnesses coupled with a careful study of evidence and the exhibits, induces the conclusion that, on various occasions, the litigants unsuccessfully endeavored to settle and compose their disputes, both in the probate court and in other places and that it was, finally, agreed among them that the real determination as to all these disputed matters should be made in this court.

By their pleadings the parties have tendered to this court issues of fact as to whether the accounts submitted were interim or final. On this issue it is found that the parties intended that these accounts were to be final and that this court should so regard them.

" 'A distinction is to be observed between orders and decrees made during the settlement of an estate, which are merely *preparatory* to a final settlement and distribution, and a final decree adjusting and closing the administration account. The latter only possesses the elements of a final judgment; the former are preliminary, and subject to change or modification, as the exigencies of the case and the demands of justice may require.' " *Reiley vs. Healey*, 122 Conn. 64, 77, quoting from *Mix's Appeal*, 35 Conn. 121, 122.

"Here there has apparently been full notice to all parties concerned and the account has been treated as a final one, which will conclude the rights of the parties." *Reiley vs. Healey*, supra, p. 77.

" 'In the settlement of an estate the responsibility rests upon the executor to see, so far as is in his power, that everything is properly done by the Court of Probate as well as by himself. Even a neglect to procure the necessary decrees from the Court of Probate has been held to be breach of the probate bond.' " *Reiley vs. Healey*, supra, p. 78, quoting from *Moore vs. Holmes*, 32 Conn. 553, 561.

Taking up the various items which are disputed in what seems to be their proper order:

It is found that, at the time of her death, Francesca Nocera was possessed of cash which was not included in the inventory and that this amount should be added to the inventory in the amount of $2,500.

That the following items should have been paid to the undertaker:

| | |
|---|---:|
| Casket | $ 775.00 |
| Vault | 125.00 |
| Crucifix | 4.00 |
| Use of church equipment | 15.00 |
| Prayer book and so forth | 4.00 |
| Gloves for pallbearers | 3.00 |
| Delivery of casket from New Haven | 15.00 |
| Delivery of vault from New Haven | 4.00 |
| Cars, hearse and so forth | 75.00 |
| Church fee | 30.00 |
| Newspaper notices | 3.30 |
| Palms and so forth | 15.00 |
| Total | $1,068.30 |

All of the items claimed for probate fees, advertising, insurance, taxes (payable after the death of Francesca Nocera), water bills, appraisers, attorneys' fees and administrator's fees are correct and allowed.

The administrator has expended from funds of the estate in his hands for the purchase of a grave plot and the opening of a grave, $252, and an allowance should be made to him as administrator, for that sum.

The item of $2,744.59, listed as a claim, in favor of Julia Nocera Cocchiola, has no factual basis and should be disallowed.

In this connection it should be observed that, during her lifetime, Francesca Nocera, the deceased, always paid in cash for all medical and surgical attendance and services rendered to her and that the claimant, Julia Cocchiola, made none of these payments from any of her own funds.

As to the claimed item for services rendered by Julia Cocchiola against the estate of the deceased, Francesca Nocera,

the evidence clearly shows that Julia Cocchiola never intended to make such a claim and does not now make it in good faith and that it should be disallowed. The item of $2,500 listed as having been borrowed by the administrator from Julia Cocchiola, and as having been allowed by him in that sum, should not be allowed because the evidence clearly shows that that sum was never borrowed by the administrator from Julia Cocchiola for the simple reason that, at the time of the claimed loan of $2,500 Julia Cocchiola was not possessed of nor was she in a position to acquire such a sum of money.

The item of $50, listed as personal property, furniture, seems to be substantially correct and the item of rent collected, listed as $440, seems also to be substantially correct.

If, in this memorandum, there are any items inadvertently omitted or transposed or incorrectly stated it would be expedient for counsel to file, with the clerk, claims respecting them, in triplicate, in the ordinary way, and these will be given immediate attention by the court.

The whole matter should go back to the Probate Court for final action there, in accordance with this decree and the judgment entered upon it.

In *Reiley vs. Healey*, 124 Conn. 216, 222, our Supreme Court said: "We join with the trial court in the hope that counsel may feel themselves inspired to cooperate and bring to an end this long drawn out controversy by evincing a sincere effort to give to the court all possible aid in reaching a just conclusion, with at least a modicum of technicalities of procedure."

The papers in the present file now number about 20 and these ought to serve as sufficient setting forth of the claims of the parties to bring about a final determination.

The hope expressed in the *Reiley* case applies with equal force to the situation in the present case.

Decree and judgment may enter accordingly.