[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#146)
On April 7, 1992, the plaintiff's decedent Mortimer D. Wright[1]
instituted two separate actions seeking a partition of three properties which he owned as a tenant in common with the defendants Priscilla W. Pratt, his sister, William M. Wright, and Lydia M. Comiskey. One of the actions concerned property located in Essex and was returned to the Middlesex Judicial District.[2]
The second action, involving property located in Groton, was filed in the New London Judicial District. On May 28, 1992, the New London action was ordered transferred and consolidated[3]
with the action pending in Middlesex.
The plaintiff and the defendant Mrs. Pratt had served as coexecutors of the estate of their late mother, Mary Catherine Dickinson Wright, who died October 21, 1989. Although there were disagreements between them during the administration of Mrs. Wright's estate, a final account which provided for distribution of assets of the estate was signed and filed by the parties. On April 9, 1992, that account, following a hearing thereon, was approved by decree of the Probate Court for the District of Essex. The properties which are the subject of the partition action were among the assets distributed.
On June 4, 1992, the plaintiff amended both complaints by adding causes of action against the defendant claiming (1) a breach of her fiduciary duty and (2) a violation of the Connecticut Unfair Trade Practices Act (Chap. 735a., Conn. Gen. Stat.). The gravamen of the amended counts was Pratt's alleged wrongful conduct in performing her duties as co-executor during administration of the Wright Estate.
On September 29, 1993, the defendant filed her answers to both counts together with a special defense as to the second and third counts of each and counterclaims. By her special defense the defendant asserts that the Probate Court's approval of the final account in the Mary Catherine Dickinson Wright Estate, as to which decree no appeal was taken, renders the issues which the plaintiff has raised in the second and third counts subject to principles of res judicata and collateral estoppel. CT Page 476
The court has for its consideration plaintiff's motion to strike the special defense in each file. It is her claim that the Probate Court's decree is not a judgment which has conclusive effect in the instant actions. She argues that the Probate Court lacked the requisite subject matter jurisdiction to decide those issues presented in the second and third counts and that none of the claims or issues raised therein was actually litigated or determined by that court.
The defendant makes no claim that plaintiff's motion is an improper vehicle to attack the legal sufficiency of the defense specially pleaded. Clearly, it is not; Nowak v. Nowak, 175 Conn. 112,116 (1978); P.B. Sec. 152(5); although the court, in its ruling, must construe the facts alleged therein in a manner most favorable to sustaining such sufficiency. Kelly v. Figueiredo,223 Conn. 31, 32 (1992).
"The entire settlement of estates is committed to our Courts of Probate," and "[t]hey, `as to all matters within their jurisdiction, are clothed with chancery powers, so far as may be necessary to enable them to do full justice between the parties. Mix's Appeal, 35 Conn. 121, 123 (1868).'" Hayward v. Plant,98 Conn. 374, 384 (1923). The probate court, in acting upon an account, determines, inter alia, the rights of the parties interested therein, subject to appeal as in other cases. Sec.45a-175 (f), Conn. Gen. Stat. Allowance of the account, if not appealed from, would be determinative of those rights and conclusive as to all relevant matters embraced in the account. State ex rel. Beardsley v. London Lancashire Indemnity Co.,124 Conn. 416, 422 (1938).
This is not to say that filing and approval of a final account precludes an action for breach of duty by the fiduciary. Such an action may be brought, and, if so, the estoppel created by any probate decrees would apply only to those "items which have been brought within the administration of the estate." Kochuk v. Labaha, 126 Conn. 324, 329 (1940).
What is here controlling is the defendant's allegation contained in paragraphs 6 and 7 of her defense that the causes of action alleged in the second and third counts concern matters which were, or could have been, litigated and considered by the Probate Court during administration of the Wright Estate. Since they were not, the plaintiff, it is alleged, is barred from advancing such claims in the instant lawsuits before this court. CT Page 477
Obviously, the plaintiff's decedent as co-executor of his mother's estate had notice of the filing and approval of the final account. Clearly, he had the opportunity, if not the duty, to bring to the Court's attention any impropriety on the part of the co-executor. This he did not do; nor did he appeal the Court's decree approving the account.
Accepting the allegations of the special defense and absent a claim of fraud, a collateral attack on the probate decree is not permitted. Sec. 45a-24, Conn. Gen. Stat. Succinctly stated, "[the decree] is conclusive as to all matters that it embraces. [cases cited]. A final accounting, specifically, creates an estoppel with respect to items brought within the administration of the estate. . . The estoppel reaches only matters that are clearly and specifically set out, and are definitely ascertainable from a reading of the account and decree. [cases cited]. Within that scope, however, the decree is conclusive both as to objections to the account that were actually raised and determined and as to matters that could have been raised." DiMauro v. Pavia, 491 F. Sup. 1051, 1061 (D.Conn. 1979).
To the extent that the claims asserted and issues incidental thereto in the second and third counts of the amended complaint were, or could have been, considered and determined by the Probate Court, res judicata and collateral estoppel are valid defenses. Crochiere v. Board of Education, 227 Conn. 333, 342-43
(1993). Accordingly, the motion to strike in both cases is denied.
GAFFNEY, J.