ROSEMARIE SWETT *v.* WILLIAM MARTIN
(4678)

HULL, BORDEN and DALY, Js.

Argued November 13—decision released December 16, 1986

*Douglas B. Sherman,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (state).

*David Gill Proctor,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to establish the paternity of her two minor children. Since the plaintiff was a recipient of public assistance, the attorney general appeared on behalf of the state. The defendant filed a special defense, claiming that the action was barred by the three year statute of limitations set forth in General Statutes § 46b-160,[1] because both children were born more than three years prior to the commencement of the action. The trial court rendered judgment for the defendant on August 10, 1985. The court articulated its decision as follows: "While the

---

[1] General Statutes § 46b-160 provides in pertinent part: "Proceedings to establish paternity of a child born or conceived out of lawful wedlock . . . shall be instituted by a verified petition of the mother or expectant mother, with summons and order, filed in the superior court for the geographical area in which either she or the putative father resides. . . . No such petition shall be brought after three years from the birth of such child. . . ."

evidence indicates from the plaintiff's and the defendant's testimony that the defendant is the father of the two minor children, the court finds for the defendant on his special defense." The state appealed this judgment.

The sole issue raised on appeal is whether the three year statute of limitations pertaining to the initiation of paternity actions contained in General Statutes § 46b-160, which was in effect at the time of the commencement of this action, violates the equal protection clause of the United States constitution. The state claims that since legitimate and acknowledged children have, under General Statutes § 46b-215, an ongoing judicially enforceable cause of action for child support until they reach the age of eighteen, illegitimate children are denied the constitutionally protected equal protection of the laws by the three year statute applicable to paternity actions.

We do not reach this constitutional question. Public Acts 1985, No. 85-548, § 3, effective October 1, 1985, amended the three year statute of limitations applicable to paternity actions to eighteen years. The Supreme Court in *Moore* v. *McNamara,* 201 Conn. 16, 513 A.2d 660 (1986), was faced with the same constitutional issue. The court held that because of this amendment, which was passed during the pendency of the appeal, it did not need to reach the constitutional issue. Id., 17. "This court has a basic judicial duty to avoid deciding a constitutional issue if a nonconstitutional ground exists that will dispose of the case." Id., 20. The court then considered whether the new eighteen year statute of limitations is to be applied retroactively to the defendant. The court concluded as follows: "because the father's obligation to support his minor legitimate child is created at common law; *White* v. *White,* 138 Conn. 1, 5, 81 A.2d 450 (1951); *Bohun* v. *Kinasz,* 124 Conn. 543, 546, 200 A. 1015 (1938); his similar obliga-

tion after *Gomez* [v. *Perez,* 409 U.S. 535, 93 S. Ct. 872, 35 L. Ed. 2d 56 (1973)] to support his minor illegitimate child is now derivatively based upon common law.

"Because our paternity statute no longer is the sole basis for a paternity action, the statute of limitations it contains is not substantive or jurisdictional, but rather procedural or personal. It follows that such a statute of limitations may properly be applied retrospectively absent the clear expression of a contrary legislative intent, unless considerations of good sense and justice dictate otherwise. No such contrary intent appears either in the wording of the amended statute, or in the proceedings that disclose its legislative history. Nor does it appear that retroactive application of the new statute of limitations would work an injustice on the defendant. If we were to hold that the amendment was inapplicable to this action, which was pending at the time of the enactment; see General Statutes § 1-1 (u); the plaintiff would not be barred from commencing a new paternity action until 1996, when her child will reach his eighteenth birthday. Accordingly, we hold that the new eighteen year limitation upon the initiation of paternity actions prescribed by Public Acts 1985, No. 85-548, § 3, is to be applied retroactively to the defendant." *Moore* v. *McNamara,* supra, 25.

The defendant in his brief raised the question of laches. He did not make this claim in the trial court, however. We therefore decline to consider this issue.

The trial court found that the defendant was the father of the children. It did not, however, make any findings as to lying-in expenses or other financial matters as provided for by General Statutes § 46b-171. These matters must be determined on the remand.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the

plaintiff as to paternity of the children and for such further proceedings as are necessary in accordance with this opinion.