The **STATE of Oklahoma, DEPARTMENT OF HUMAN SERVICES, ex rel. Kathryn Charlene HEADRICK, Appellant,**

v.

**Alan Wyattearp MELSON, Appellee.**

No. 81717.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 22, 1994.

Warren Gotcher, McAlester, for appellant.

Ken Rainbolt, Durant, for appellee.

## OPINION

HANSEN, Judge:

This is an action to establish paternity of a child born July 4, 1982. On December 22, 1981, while still pregnant, Kathryn Headrick filed a paternity action claiming Alan Melson to be the father of the child. On March 12, 1984, Kathryn dismissed the paternity action without prejudice.

Kathryn filed the present action on August 28, 1992. Alan filed a motion to dismiss claiming the statute of limitations barred Kathryn's action. The trial court agreed and dismissed the case. Kathryn now appeals to this Court.

At the time Kathryn filed the first action, 10 O.S.1981 § 83, dealing with actions to determine paternity of a child and set support, provided:

An action to determine paternity and to enforce this obligation may be brought within three (3) years after the birth of the child or within three (3) years from the time that the person charged with being the child's father last contributed to his support or education.

One day after Kathryn dismissed her first suit, the Oklahoma Supreme Court handed down its decision in *Callison v. Callison*, 687 P.2d 106 (Okla.1984). *Callison* held the above quoted statute of limitations was unconstitutional in that it denied equal protection to children born out of wedlock. It did not decide what, if any, statute of limitation was the appropriate one to apply to paternity actions.

The Legislature, apparently in response to *Callison*, amended § 83, effective October 1, 1985, to authorize a paternity action to be commenced any time before the eighteenth birthday of the child. The amendment further provided that "(a)n action to establish paternity under this act shall be available for any child for whom a paternity action was brought and dismissed because of the application of a statute of limitations of less than eighteen (18) years."

The trial court found because Kathryn dismissed her action one day before *Callison* struck down the old three year statute of limitations, a new action would have to have been filed by July 4, 1986 pursuant to the saving statute, 12 O.S.1981 § 100, that is within four years after the child's birth. It also found Kathryn could not take advantage of the 1985 amendment to § 83 because no law authorized a § 100 extended claim "to be extended further due to an additional amendment (sic) of the law." These findings are error.

At the time the Supreme Court handed down *Callison*, Kathryn's action had not been barred by the three year statute of limitations. Thus, *Callison* clearly affects any further action to determine paternity and set support. As stated therein:

The state's interest in the litigation of stale claims is undermined by the countervailing state interest in ensuring that genuine claims for child support are satisfied. The three-year limitation period does not provide some illegitimate children with an adequate opportunity to obtain support; and is not substantially related to the legitimate state interest in preventing the litigation of stale or fraudulent claims.

*Callison*, supra, at p. 110. It is immaterial that Kathryn dismissed her petition two days before the Supreme Court handed down the decision in *Callison*.

Alternatively, if the court applies the savings statute to add a year to her right to sue, then at the time the Legislature amended § 83 Kathryn's action was not barred. Unless the Legislature specifically indicates otherwise, changes in a statute of limitations do not revive claims which are already time-barred, but do extend the limitation period for claims in existence but not time-barred

on the effective date of the amendment. *State ex rel Department of Human Services v. Poor,* 805 P.2d 692 (Okla.App.1990).

The trial court erred in applying § 100 to this action as a basis for dismissal. Accordingly, the judgment is reversed and the cause remanded with directions to reinstate Kathryn's claim.

REVERSED and REMANDED.

ADAMS, J., concurs.

JONES, P.J., concurs in result.