LEVIN, J.
 

 This is an action to recover monetary damages under an indemnity agreement. On September 25, 1978, the plaintiff, Republic Insurance Company, and the defendants, Pat DiNardo Auto Sales, Inc., Patrick M. DiNardo, Julia DiNardo and Salvatore J. DiNardo, entered into an indemnity agreement. The agreement provided in part that the defendants would indemnify the plaintiff “from and against any and all liability, loss, costs, damages, attorney’s fees and expenses of whatever kind or nature which [the plaintiff] may sustain or incur by reason or in consequence of executing any such bond or bonds as surety . . . .”
 

 On October 26, 1978, the plaintiff, as surety, and the defendants, as principals, executed a surety bond for the completion of subdivision improvements for the town of Monroe (town), by the defendants. The plaintiff executed the surety bond in consideration for the defendants’ signing the indemnity agreement. The defendants breached the terms of their contract with the town. As a result of the breach, the town filed an action against the defendants and against the plaintiff, pursuant to the bond. The plaintiff filed a cross complaint against the defendants. The defendants failed to file a responsive pleading to that cross complaint. The issues in the cross complaint were neither joined nor adjudicated. On May 13, 1991, in accordance with the findings of the attorney trial referee, the court,
 
 Spear, J.,
 
 rendered judgment against the defendants and the plaintiff. In satisfaction and discharge of its obligation, the plaintiff paid the town $91,000 on May 2, 1991.
 

 The plaintiff then brought the present action on December 18,1992, to recover monetary damages from the defendants pursuant to the indemnity agreement. In response to the plaintiffs one count amended complaint
 
 *211
 
 the defendants filed an answer and three special defenses; collateral estoppel, statute of limitations and failure to allege sufficient facts to prove the existence of an enforceable agreement. The plaintiff and the defendants filed trial memoranda in support of their respective claims. The court requested that the parties submit supplemental trial memoranda discussing the applicability of Public Acts 1993, No. 93-370 (P.A. 93-370), to the present action. Both parties complied with this request.
 

 The defendants contend that because the plaintiff filed a cross complaint in the earlier action brought by the town, collateral estoppel bars the present action. “[Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.” (Citations omitted; internal quotation marks omitted.)
 
 Mulligan
 
 v.
 
 Rioux,
 
 229 Conn. 716, 751, 643 A.2d 1226 (1994), on remand, 38 Conn. App. 546, 662 A.2d 153 (1995). The plaintiffs cross complaint was not answered or litigated in the earlier action. The doctrine of collateral estoppel, therefore, does not bar the present action.
 
 Heritage Village Master Assn., Inc.
 
 v.
 
 Heritage Village Water Co.,
 
 30 Conn. App. 693, 697-700, 622 A.2d 578 (1993); cf.
 
 A.J. Masi Electric Co.
 
 v.
 
 Marron & Sipe Building & Contracting Corp.,
 
 21 Conn. App. 565, 568, 574 A.2d 1323 (1990).
 

 The plaintiff claims that it is entitled to recover monetary damages pursuant to its indemnity agreement with the defendants. The defendants claim that the statute of limitations for contract actions, General Statutes § 52-576, bars the plaintiffs action. Section 52-576 provides that “[n]o action ... on any contract in writing,
 
 *212
 
 shall be brought but within six years after the right of action accrues . . . .”
 

 The indemnity agreement in the present action states that the defendants will indemnify the plaintiff “from and against
 
 any and all liability, loss, costs, damages,
 
 attorney’s fees and expenses of whatever kind or nature which [the plaintiff] may sustain or incur by reason or in consequence of executing any such bond or bonds as surety . . . .” (Emphasis added.) By its very terms, the agreement indemnifies against both loss and liability. See
 
 Balboa Ins. Co.
 
 v.
 
 Zaleski,
 
 12 Conn. App. 529, 534-35, 532 A.2d 973, cert. denied, 206 Conn. 802, 535 A.2d 1315 (1987).
 

 In
 
 Balboa Ins. Co.,
 
 the Appellate Court addressed the issue of whether an action for indemnification based upon an agreement indemnifying against both loss and liability was barred by the statute of limitations on contract actions contained in § 52-576. Id., 535. The court determined in
 
 Balboa Ins. Co.,
 
 that the cause of action accrued at the time of the default on the underlying contract, more than six years earlier, and that, therefore, the plaintiffs cause of action was barred by § 52-576. Id., 538.
 

 In the present case, the defendants argue that, according to
 
 Balboa Ins. Co.,
 
 the plaintiff could have sued upon the agreement as soon as the underlying contract with the town was breached. This breach occurred more than six years before this indemnity action was brought and, therefore, the action would be barred by the statute of limitations. The plaintiff argues that the cause of action accrued at the time of the payment, May 2,1991, and that the statute of hmitations would not bar the action.
 

 During the pendency of this action, however, the General Assembly enacted P.A. 93-370, which, if applicable, renders moot the dispute as to the time the cause
 
 *213
 
 of action accrued. Public Act 93-370, now codified as General Statutes § 52-598a and entitled, “An Act Concerning the Statute of Limitations in Actions for Indemnification and Attorney Grievance Procedures,” provides in pertinent part: “Notwithstanding any provision of chapter 926 of the general statutes, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement.” Section 52-576, which would otherwise time bar this action, is codified in chapter 926 of the General Statutes.
 

 The effective date of P.A. 93-370 is October 1, 1993. See General Statutes § 2-32.
 
 [1]
 
 It would be plain error for this court to ignore a clearly applicable statute.
 
 Campbell
 
 v.
 
 Rockefeller,
 
 134 Conn. 585, 588, 59 A.2d 524 (1948) (statute of limitations); see
 
 State
 
 v.
 
 Preyer,
 
 198 Conn. 190, 199, 502 A.2d 858 (1985);
 
 Persico
 
 v.
 
 Maher,
 
 191 Conn. 384, 403-404, 465 A.2d 308 (1983);
 
 Stale
 
 v.
 
 Burke,
 
 182 Conn. 330, 331-32, 438 A.2d 93 (1980);
 
 Hartford Federal Savings & Loan Assn.
 
 v.
 
 Tucker,
 
 181 Conn. 607, 609, 436 A.2d 1259 (1980);
 
 Stoni
 
 v.
 
 Wasicki,
 
 179 Conn. 372, 377, 426 A.2d 774 (1979);
 
 Adley Express Co.
 
 v.
 
 Darien,
 
 125 Conn. 501, 504, 7 A.2d 446 (1939);
 
 Schmidt
 
 v.
 
 Manchester,
 
 92 Conn. 551, 555, 103 A. 654 (1918);
 
 Cunningham
 
 v.
 
 Cunningham,
 
 72 Conn. 157, 160, 44 A. 41 (1899);
 
 In re Jonathan P.,
 
 23 Conn. App. 207, 211, 579 A.2d 587 (1990);
 
 DeVita
 
 v.
 
 Esposito,
 
 13 Conn. App. 101, 111, 535 A.2d 364 (1987), cert. denied, 207 Conn. 807, 540 A.2d 375 (1988). The issue is whether P.A. 93-370 is clearly applicable to the present case.
 
 [2]
 
 The court concludes that it is.
 

 
 *214
 
 The legislature enacted P.A. 93-370 in response to the Appellate Court’s decision in
 
 Protter
 
 v.
 
 Brown Thompson & Co., 25
 
 Conn. App. 360, 593 A.2d 524, cert. granted, 220 Conn. 910, 597 A.2d 335 (1991) (appeal withdrawn). In that case, the court ruled that the statute of limitations for indemnification began to run upon the commission of the negligent conduct underlying the original action. The fourth party plaintiffs action for indemnification, therefore, was barred before the right to indemnification even accrued. Public Act 93-370 “legislatively overruled” this decision. See, e.g.,
 
 Lane
 
 v.
 
 Aetna Casualty & Surety Co.,
 
 203 Conn. 258, 524 A.2d 616 (1987);
 
 Security Ins. Co. of Hartford
 
 v.
 
 DeLaurentis,
 
 202 Conn. 178, 520
 
 A.2d 202 (1987); Michel
 
 v.
 
 Planning & Zoning Commission,
 
 28 Conn. App. 314, 612 A.2d 778, cert. denied, 223 Conn. 923, 614 A.2d 824 (1992).
 

 “When the language [of a statute] is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature’s intent.”
 
 Oller
 
 v.
 
 Oller-Chiang,
 
 230 Conn. 828, 848, 646 A.2d 822 (1994). The plain language of the statute makes it unambiguous and clear that P.A. 93-370 applies to all actions for indemnification. Actions for indemnification arise from statute, between joint tortfeasors, or by express contracts. See
 
 Kyrtatas
 
 v.
 
 Stop & Shop, Inc.,
 
 205 Conn. 695, 698, 535 A.2d 357 (1988). Public Act 93-370 applies, notwithstanding any statute of limitations contained in chapter 926, including § 52-576, and not solely to the “act or omission complained of’ language of § 52-577. Public Act 93-370, therefore, in effect, also “legislatively overruled”
 
 Balboa Ins. Co.
 
 v.
 
 Zaleski,
 
 supra, 12 Conn. App. 529.
 

 Since P.A. 93-370 was enacted during the pendency of this civil action, there is a question as to whether
 
 *215
 
 and to what extent that enactment is retroactive. On occasion, the legislature itself has determined this issue with specific language in its legislation. See, e.g.,
 
 Champagne
 
 v.
 
 Raybestos-Manhattan, Inc.,
 
 212 Conn. 509, 520, 562 A.2d 1100 (1989) (applying language of Public Acts 1979, No. 79-631, § 107, that its provisions will be applicable to “ ‘all product liability claims brought on or after October 1, 1979’ ”). The language of P.A. 93-370 does not provide such guidance. It is silent as to which actions the new statute of limitations will apply. Further, General Statutes § 55-3 is inapplicable since P.A. 93-370 does not “[impose] any new obligation on any person or corporation . . . .”
 
 [3]
 
 However, “ ‘[t]he General Assembly, and those who frame its legislation, must always be presumed to be familiar with settled rules of statutory construction and the interpretation the courts have placed upon legislation which has been enacted.’
 
 State ex rel. Butera
 
 v.
 
 Lombardi,
 
 146 Conn. 299, 305, 150 A.2d 309 (1959).”
 
 Skorpios Properties, Ltd.
 
 v.
 
 Waage,
 
 172 Conn. 152, 155, 374 A.2d 165 (1976); see
 
 Iacomacci
 
 v.
 
 Trumbull,
 
 209 Conn. 219, 222, 550 A.2d 640 (1988);
 
 Murach
 
 v.
 
 Planning & Zoning Commission,
 
 196 Conn. 192, 200 n.14, 491 A.2d 1058 (1985);
 
 State
 
 v.
 
 Guckian,
 
 27 Conn. App. 225, 234, 605 A.2d 874 (1992), aff' d, 226 Conn. 191, 627 A.2d 407 (1993).
 

 The Supreme Court has repeatedly addressed the issue of retroactivity in the absence of statutory guidance: “We begin our analysis by restating the general proposition that statutes of limitation are presumed to apply retroactively. See
 
 Moore
 
 v.
 
 McNamara,
 
 201 Conn. 16, 22, 513 A.2d 660 (1986);
 
 Andrulat
 
 v.
 
 Brook Hollow Associates,
 
 176 Conn. 409, 412-13,407 A.2d 1017 (1979);
 
 Jones Destruction, Inc.
 
 v.
 
 Upjohn,
 
 161 Conn. 191, 195-
 
 *216
 
 96, 286 A.2d 308 (1971). Although substantive legislation is not generally applied retroactively absent a clearly expressed legislative intent, legislation that affects only matters of procedure ‘is presumed to [be]
 
 applicable to all actions, whether pending or not,
 
 in the absence of any expressed intention to the contrary.’
 
 Lavieri
 
 v.
 
 Ulysses,
 
 149 Conn. 396, 401, 180 A.2d 632 (1962);
 
 E. M. Loew’s Enterprises, Inc.
 
 v.
 
 International Alliance,
 
 127 Conn. 415, 418, 17 A.2d 525 (1941). Statutes of limitation are generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. . . .
 
 Moore
 
 v.
 
 McNamara,
 
 supra, 22;
 
 Jones Destruction, Inc.
 
 v.
 
 Upjohn,
 
 supra, 195. Therefore, unless specifically tied to a statutory right of action or unless a contrary legislative intent is expressed,
 
 the statute of limitations in effect at the time an action is filed governs
 
 the timeliness of the claim. See
 
 Andrulat
 
 v.
 
 Brook Hollow Associates,
 
 supra, 413;
 
 Bohun
 
 v.
 
 Kinasz,
 
 124 Conn. 543, 547, 200 A. 1015 (1938).” (Emphasis added; internal quotation marks omitted.)
 
 Roberts
 
 v.
 
 Caton,
 
 224 Conn. 483, 488-89, 619 A.2d 844 (1993).
 

 In the context of the present case, these principles are contradictory. If “the statute of limitations in effect at the time [the] action is filed governs the timeliness of the claim”; id.; then that statute is § 52-576, and this action is time barred.
 
 Balboa Ins. Co.
 
 v.
 
 Zaleski,
 
 supra, 12 Conn. App. 529. If P.A. 93-370 is “ ‘applicable to all actions,
 
 whether pending or not’ ”
 
 then this action is not time barred. (Emphasis added.)
 
 Roberts
 
 v.
 
 Caton,
 
 supra, 224 Conn. 488. An examination of the case law, however, reveals no such contradiction. The language that “the statute of limitations in effect at the time an action is filed governs the timeliness of the claim” has arisen in this century in the context where the new statute of limitations, which superseded a prior statute,
 
 *217
 
 already was in effect at the time the action was commenced, and no new statute was enacted during the pendency of the action; see, e.g.,
 
 Andrulat
 
 v.
 
 Brook Hollow Associates,
 
 supra, 176 Conn. 412-13; or when the statute of limitations was linked to a statutory right, such as a mechanic’s lien; id.; or to the foreclosure of a mechanic’s lien.
 
 Diamond National Corp.
 
 v.
 
 Dwelle,
 
 164 Conn. 540, 543, 325 A.2d 259 (1973). In
 
 Jones Destruction, Inc.
 
 v.
 
 Upjohn,
 
 supra, 161 Conn. 191, the court did hold that a new, truncated statute of limitations for foreclosing mechanic’s liens did not apply to pending actions. “The
 
 Jones Destruction
 
 case was based solely on the conclusion that ‘good sense and justice’ . . . dictate that the amended statute not be applied retroactively to an action of foreclosure actually pending on the effective date of the amendment.”
 
 Diamond National Corp.
 
 v.
 
 Dwelle,
 
 supra, 544. In
 
 Moore
 
 v.
 
 McNamara,
 
 supra, 201 Conn. 24-25, the Supreme Court decided that a paternity action, which it had held evolved from a statutory to a common-law cause of action was not barred by the three year statute of limitations that had expired prior to the commencement of the action. This was because of an amendment to the statute of limitations
 
 enacted during the pendency of the appeal to the Supreme Court
 
 that extended the statute of limitations to eighteen years.
 

 What was said in
 
 Roberts
 
 v.
 
 Galon,
 
 supra, 224 Conn. 489,
 
 [4]
 
 is applicable here: “The [new] statute [of limitations] contains no language that limits the time period in which the limitations period will be effective. Moreover, the legislative history of the statute gives no indication that it was intended to apply prospectively only. Thus, under our ordinary legal presumptions, the plaintiffs
 
 *218
 
 action was timely filed.
 
 [5]
 
 We therefore must now consider whether there is any basis for disregarding this legal presumption.”
 

 In considering whether there is any basis for disregarding the legal presumption of retroactivity of this purely procedural statute, prior appellate case law does not provide an apt analogy with respect to the retroactive application of a statute of limitations to a common-law action in the commercial context. See, e.g.,
 
 State
 
 v.
 
 Ross,
 
 230 Conn. 183, 281-83, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995);
 
 Miller
 
 v.
 
 Kirshner, 225
 
 Conn. 185, 621 A.2d 1326 (1993);
 
 Roberts
 
 v.
 
 Caton,
 
 supra, 224 Conn. 483;
 
 Mulrooney
 
 v.
 
 Wambolt,
 
 215 Conn. 211, 575 A.2d 996 (1990);
 
 Moore
 
 v.
 
 McNamara,
 
 supra, 201 Conn. 16;
 
 State
 
 v.
 
 Lizotte,
 
 200 Conn. 734, 517 A.2d 610 (1986);
 
 State
 
 v.
 
 Paradise,
 
 189 Conn. 346, 456 A.2d 305 (1983);
 
 Hunter
 
 v.
 
 Hunter,
 
 177 Conn. 327, 416 A.2d 1201 (1979);
 
 Sherry H.
 
 v.
 
 Probate Court,
 
 177 Conn. 93, 411 A.2d 931 (1979);
 
 American Masons’ Supply Co.
 
 v.
 
 F. W. Brown Co.,
 
 174 Conn. 219, 384 A.2d 378 (1978);
 
 Jones Destruction, Inc.
 
 v.
 
 Upjohn,
 
 supra, 161 Conn. 191;
 
 Lane
 
 v.
 
 Hopfeld,
 
 160 Conn. 53, 273 A.2d 721 (1970);
 
 Carvette
 
 v.
 
 *219
 

 Marion Power Shovel Co.,
 
 157 Conn. 92, 249 A.2d 58 (1968);
 
 Lavieri
 
 v.
 
 Ulysses,
 
 supra, 149 Conn. 396;
 
 E. M. Loew’s Enterprises, Inc.
 
 v.
 
 International Alliance,
 
 supra, 127 Conn. 415;
 
 Aetna Life & Casualty Co.
 
 v.
 
 Braccidiferro,
 
 34 Conn. App. 833, 643 A.2d 1305 (1994), cert. granted, 232 Conn. 901, 651 A.2d 743 (1995);
 
 DeAlmeida
 
 v.
 
 M.C.M. Stamping Corp.,
 
 29 Conn. App. 441, 615 A.2d 1066 (1992);
 
 Swell
 
 v.
 
 Martin,
 
 9 Conn. App. 327, 518 A.2d 678 (1986). One legitimate concern might be that retroactive application of P.A. 93-370 to pending actions, which otherwise would have been barred under
 
 Protter
 
 and
 
 Balboa Ins. Co.,
 
 would undermine settled commercial expectations. It is the policy of the law to promote certainty and predictability in commercial dealings.
 
 Normand Josef Enterprises, Inc.
 
 v.
 
 Connecticut National Bank,
 
 230 Conn. 486, 502, 646 A.2d 1289 (1994). While “[a] worst possible scenario can always be imagined”;
 
 State
 
 v.
 
 Smith,
 
 201 Conn. 659, 670, 519 A.2d 26 (1986); close examination reveals that this policy is not imperiled by the retroactive application of P.A. 93-370. First, there is no “vested right in the lapsing of a statute of limitations.”
 
 Roberts
 
 v.
 
 Caton,
 
 supra, 492. Second, P.A. 93-370 did not expressly alter any preexisting statute on which there could have been commercial reliance. Third, what P.A. 93-370 did do was to legislatively overrule two recent decisions of our intermediate Appellate Court. In one of those decisions, the Supreme Court had granted certification. See
 
 Protter
 
 v.
 
 Brown Thompson & Co.,
 
 supra, 25 Conn. App. 360. In the other, earlier case, the Supreme Court had denied certification. See
 
 Balboa Ins. Co.
 
 v.
 
 Zaleski,
 
 supra, 12 Conn. App. 529. A denial of certification does not necessarily indicate the Supreme Court’s approval of the result reached by the Appellate Court or of the opinion rendered by it.
 
 State
 
 v.
 
 Doscher,
 
 172 Conn. 592, 376 A.2d 359 (1977);
 
 State
 
 v.
 
 Chisholm,
 
 155 Conn. 706, 707, 236 A.2d 465 (1967);
 
 Pagano
 
 v.
 
 Board of Education,
 
 
 *220
 
 4 Conn. App. 1, 5-6, 492 A.2d 197, cert. denied, 197 Conn. 809, 499 A.2d 60 (1985). While
 
 Protter
 
 and
 
 Balboa Ins. Co.
 
 were the law prior to the enactment of P.A. 93-370;
 
 State
 
 v.
 
 Sailor,
 
 33 Conn. App. 409, 415 n.10, 635 A.2d 1237, cert. denied, 229 Conn. 911, 642 A.2d 1208 (1994); that law was not so settled by those 1987 and 1991 decisions of our intermediate Appellate Court that commercial expectations could be materially upset by a change in the law. Accordingly, P.A. 93-370 applies to this pending action.
 
 [6]
 
 The cause of action here accrued at the time of the payment, May 2, 1991, and, under P.A. 93-370, the plaintiff had three years from that date in which to bring the present action. The plaintiff commenced the present suit on December 18, 1992. The action, therefore, is not barred by the statute of limitations.
 

 The defendants also claim that the plaintiff failed to prove that there was any consideration for two of the defendants, Julia DiNardo and Salvatore DiNardo, signing the indemnity agreement. With respect to this claim, Julia DiNardo and Salvatore DiNardo correctly observe that there was no evidence that either of them was an owner of Pat DiNardo Auto Sales, Inc., the third indemnitor.
 

 The indemnity agreement provides, inter alia, “that Whereas, the undersigned [Pat DiNardo Auto Sales, Inc., Julia DiNardo, and Salvatore DiNardo], hereinafter referred to as indemnitors, have requested and do hereby request the REPUBLIC INSURANCE COMPANY . . . hereinafter referred to as Company, to execute or procure the execution of such bonds, undertakings and
 
 *221
 
 recognizances (all of which will hereafter be included within the term bond) as have been, and such as may hereafter be, applied for . . . by the indemnitors or any one of them . . . and the Company, upon the express condition that this instrument be executed, and in consideration thereof, has executed or procured the execution of, and may from time to time hereafter execute or procure the execution of, such bond or bonds, it being understood that all such bonds shall be covered hereunder, whether or not it is specifically so stated or agreed at the time the application is made.
 

 “NOW, THEREFORE, in consideration of the premises and the sum of One Dollar . . . this day paid by the Company to each of the indemnitors receipt of which is hereby acknowledged, the indemnitors, and each of them . . . jointly and severally, do hereby covenant and agree ....
 

 “To indemnify the Company from and against any and all liability, loss, costs, damages, attorney’s fees and expenses of whatever kind or nature which the Company may sustain or incur by reason or inconsequence of executing any such bond or bonds as surety or co-surety . . . .”
 

 “[Consideration has been defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made.”
 
 Finlay
 
 v.
 
 Swirsky,
 
 103 Conn. 624, 631, 131 A. 420 (1925). The indemnity agreement itself reflects that a detriment was visited upon the plaintiff by virtue of its having to execute certain bonds. In addition, “[a]n exchange of promises is sufficient consideration to support a contract.”
 
 Osborne
 
 v.
 
 Locke Steele Chain Co.,
 
 153 Conn. 527, 531, 218 A.2d 526 (1966). Again, the agreement itself reflects that in consideration of the defendants’ promise to pay certain premiums, agreeing to indemnify the plaintiff, and signing the agreement, the plaintiff promised to
 
 *222
 
 execute certain bonds. This is sufficient consideration to validate the contract. That a party other than Julia DiNardo and Salvatore DiNardo may have been the direct beneficiary of the plaintiffs promise and its performance is of no moment. 1 Restatement (Second), Contracts § 71 (4), comment (e) (1981).
 

 The plaintiff has requested that it be awarded prejudgment interest and attorney’s fees. With respect to the plaintiffs claim for interest, the law is that “[i]n its discretion in civil actions for the detention of money after it becomes payable, the trial court may award prejudgment interest. General Statutes § 37-3a.
 
 [7]
 
 This allowance turns on whether the detention of the money is or is not wrongful under the circumstances. . . .
 
 Associated Catalog Merchandisers, Inc.
 
 v.
 
 Chagnon,
 
 210 Conn. 734, 748-49, 557 A.2d 525 (1989);
 
 Newington
 
 v.
 
 General Sanitation Service Co.,
 
 196 Conn. 81, 90, 491 A.2d 363 (1985). The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court. . . .
 
 Newington
 
 v.
 
 General Sanitation Service Co.,
 
 supra [90];
 
 Alderman
 
 v.
 
 RPM of New Haven, Inc.,
 
 20 Conn. App. 566, 569-70, 568 A.2d 1068 (1990).” (Citations omitted; internal quotation marks omitted.)
 
 Solomon
 
 v.
 
 Hall-Brooke Foundation, Inc.,
 
 30 Conn. App. 136, 146-47, 619 A.2d 866 (1993). The defendants argue that interest should not be awarded here because they have advanced bona fide defenses to the claim. However, “that this dispute is hotly contested does not impact on the trial court’s determination that the defendant wrongfully detained the defendant’s money. See
 
 Harris Calorific Sales Co.
 
 v.
 
 Manifold Systems, Inc.,
 
 18 Conn. App. 559, 566, 559 A.2d 241 (1989).
 
 *223
 
 Interest may be awarded at the statutory rate from the time the money becomes due.” (Citation omitted; internal quotation marks omitted.)
 
 Solomon
 
 v.
 
 Hall-Brooke Foundation, Inc.,
 
 supra, 147. It is undeniable, in this commercial transaction, that since it paid the town $91,000 on account of the defendants’ breach of their contract with the town, the plaintiff has been denied the use of this money and the defendants have had the use of that money. The plaintiff is awarded interest at the rate of 10 percent from May 2, 1991, for a total award of interest of $40,000.
 

 With respect to the plaintiffs claim for attorney’s fees, “ ‘[t]he general rule of law known as the “American rule” is that attorney’s fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. See
 
 Alyeska Pipeline Service Co.
 
 v.
 
 Wilderness Society,
 
 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975);
 
 Fleischmann Distilling Corp.
 
 v.
 
 Maier Brewing Co.,
 
 386 U.S. 714, 717, 87 S. Ct. 1404, 18 L. Ed. 2d 475 (1967). This rule is generally followed throughout the countiy. See 20 Am. Jur. 2d, Costs § 72. Connecticut adheres to the American rule.’
 
 Marsh, Day & Calhoun
 
 v.
 
 Solomon,
 
 204 Conn. 639, 652, 529 A.2d 702 (1987).”
 
 Chrysler Corp.
 
 v.
 
 Maiocco,
 
 209 Conn. 579, 590, 552 A.2d 1207 (1989). An exception to this general rule is that “unless the indemnity contract provides otherwise, an indemnitee is entitled to recover reasonable attorney’s fees as part of his damages.”
 
 Sendroff v. Food Mart of Connecticut, Inc.,
 
 34 Conn. Sup. 624, 626, 381 A.2d 565 (1977). However, “in the absence of express contractual terms to the contrary, allowance of fees is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification.” Burr
 
 v. Lichtenheim,
 
 190 Conn. 351, 363, 460 A.2d 1290 (1983); see
 
 Gino’s Pizza of East Hartford, Inc.
 
 v.
 
 Kaplan,
 
 193 Conn. 135, 140, 475 A.2d 305 (1984).
 

 
 *224
 
 Here, the indemnity agreement expressly provides for the recovery from the indemnitor defendants of attorney’s fees incurred by the plaintiff in the defense of the action brought on the bond by the town. With respect to such attorney’s fees, the agreement provides that “the indemnitors ... do hereby covenant and agree ... [t]o indemnify the Company from and against any and all liability, loss, costs, damages, attorney’s fees and expenses of whatever kind or nature which the Company may sustain or incur by reason or in consequence of executing any such bond or bonds as surety . . . and which it may sustain or incur . . . in defending . . . any action, suit or other proceeding which may be brought in connection therewith . . . .” Moreover, this agreement also provides in paragraph nine “[t]hat if the surety . . . executing any such bond . . . shall bring suit, action or proceeding to enforce any of the covenants or agreements herein contained, the cost, charges and expenses, including attorneys and counsel fees incurred by such surety ... in prosecuting such suit, action or proceeding shall be included in any judgment or decree that may be rendered against the indemnitors therein.” Accordingly, the plaintiff is entitled to compensation for the attorney’s fees it incurred in defending the action brought by the town and in prosecuting this action.
 

 A provision for attorney’s fees in a contract means reasonable attorney’s fees.
 
 Crest Plumbing & Heating Co.
 
 v.
 
 DiLoreto,
 
 12 Conn. App. 468, 480, 531 A.2d 177 (1987). By agreement of the parties, the plaintiff was permitted to adduce evidence of the reasonableness of the attorney’s fees it incurred by an affidavit submitted subsequent to the filing of its posttrial reply brief. Attached to the affidavit are itemized statements for professional services rendered to the plaintiff by its attorneys. Those statements reflect that the plaintiff incurred attorney’s fees of $12,762 based on a rate of
 
 *225
 
 $90 per hour in the defense of the action on the bond brought by the town. In the prosecution of the present action, the plaintiff was billed $6134.20 based on a rate of $100 per hour. The court has carefully scrutinized the itemized statements attached to the affidavit. “ ‘[C]ourts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described.’ ”
 
 Piantedosi
 
 v.
 
 Floridia,
 
 186 Conn. 275, 279, 440 A.2d 977 (1982). Each item of service provided is reasonable. The time ascribed for each item of service is reasonable. The hourly rates of $90 and $100 are manifestly antiquated. The plaintiff does not seek to recover, however, if indeed it could, attorney’s fees exceeding those which it has actually incurred. The court finds that the total amount of attorney’s fees incurred by the plaintiff in the defense of the action on the bond brought by the town and in the prosecution of the present action, in which the fees total $18,896.20, is reasonable.
 

 The plaintiff is awarded $91,000 in damages plus $40,000 interest plus $18,896.20 in attorney’s fees. Judgment is rendered in favor of the plaintiff and against the defendants in the amount of $149,896.20.
 

 [1]
 

 General Statutes § 2-32 provides: “Effective date of public and special ads. All public acts, except when otherwise (herein specified, shall take effect on the first day of October following the session of the general assembly at which they are passed, and special acts, unless otherwise therein provided, from the date of their approval.”
 

 [2]
 

 Although the court first raised the issue of (he applicability of P.A. 93-370 subsequent to the filing of the parties’ posttrial briefs, the court issued
 
 *214
 
 an order inviting the parties to submit supplemental briefs on this issue. Both parties filed such briefs.
 

 [3]
 

 General Statutes § 55-3 provides: “Limitation of effect of
 
 certain
 
 acts. No provision of the general statutes, not previously contained in the statutes of the state, which
 
 imposes any new obligation
 
 on any person or corporation, shall be construed to have a retrospective effect.” (Emphasis added.)
 

 [4]
 

 In
 
 Roberts
 
 v.
 
 Caton,
 
 supra, 224 Conn. 483, the court, inter alia, upheld the validity of an amended statute of limitations extending the time to bring a civil action for sexual assault from two years to seventeen years after the date the victim attains majority.
 

 [5]
 

 This rule is not embraced universally. Some jurisdictions have apparently adopted a “bright line” rule that the law in effect at the time an action was filed governs. See
 
 Jones
 
 v.
 
 Mauldin,
 
 876 F.2d 1480, 1485 (11th Cir. 1989);
 
 In re Colonial Ltd. Partnership Litigation,
 
 854 F. Sup. 64, 81 (D. Conn. 1994);
 
 Dept. of Human Services
 
 v.
 
 Melson,
 
 871 P.2d 449, 450-51 (Okla. App. 1994). Application of such a rule in the present case would make no sense. Under P.A. 93-370, the plaintiff has three years from the date of the determination of the underlying action against it to seek indemnification. Here, the plaintiff was held hable in the action brought by the town by judgment dated May, 1991. If the plaintiff had voluntarily withdrawn this action after the enactment of P.A. 93-370 and then refiled it any time between October, 1993 and May, 1994, therefore, that action would have been timely filed. See
 
 Moore
 
 v.
 
 McNamara,
 
 supra, 201 Conn. 25. To dismiss the plaintiffs case for its failure to engage in such procedural gymnastics would elevate form over substance. Courts “will not elevate form over substance.”
 
 Tolland Bank
 
 v.
 
 Larson,
 
 28 Conn. App. 332, 337, 610 A.2d 720 (1992).
 

 [6]
 

 This result accords with two other Superior Court decisions. See
 
 Shuhl
 
 v.
 
 New Haven Food Terminal, Inc.,
 
 Superior Court, judicial district of New Haven, Docket No. CV910309459S (June 6, 1994) (11 Conn. L. Rptr. 416);
 
 North Street Elderly Ltd. Partnership
 
 v.
 
 Kapetan, Inc.,
 
 Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket Nos. CV880092507S and CV890101815S (March 14, 1994) (11 Conn. L. Rptr. 1).
 

 [7]
 

 General Statutes § 37-3a provides in pertinent part that “interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions ... as damages for the detention of money after it becomes payable. . .