[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO IMPLEAD #113
This memorandum addresses the motion to implead submitted by the defendants on May 15, 2000 (#113). For the reasons set forth in Parts I and III below, the court finds this matter in favor of the plaintiffs. CT Page 15509
The underlying action arises from injuries allegedly sustained by Carole Lemp on July 11, 1997, when she was attacked in East Granby by a dog owned by the Pericozzi family, then residents of that town.[1] The original complaint, dated April 28, 1999 and bearing a return date of May 25, 1999, was brought by Lemp and her husband, Michael Lemp, against the Town of East Granby and Linda L. Rossetti, the town's dog warden and animal control officer, alleging their responsibility for the plaintiffs' injuries.[2] Several counts of the original complaint were subsequently subject to a motion to strike.[3] of the remaining counts, the first count sounds in negligent hiring and retention, the second count sounds in negligence, the third count alleges recklessness, the sixth count alleges loss of consortium and the seventh count alleges a claim for indemnification pursuant to General Statutes § 7-465.
On August 2, 1999, the defendants had filed an apportionment complaint against Carole Pericozzi and John Pericozzi (Pericozzis), the owners of the dog who attacked the plaintiff, seeking apportionment of any damages found as a result of the action. After determining that the plaintiff had standing to challenge the service of process on the apportionment defendants, the court dismissed the apportionment complaint, finding that "[t]he service of process upon the apportionment defendants having been made at a place other than their usual place of abode . . . was a nullity."[4] Lemp v. Town of East Granby, Superior Court, judicial district of Hartford at Hartford, Docket No. 589417 (June 6, 2000,Rubinow, J.).
On May 15, 2000, pending resolution of their motions to strike the original complaint and to dismiss the apportionment complaint, the defendants filed a motion to implead the Pericozzis pursuant to General Statutes § 52-102a.[5] After having the defendants' apportionment complaint was dismissed, in August of 2000 the parties presented the issue of impleader through argument at short calendar, and through their thorough and detailed written analyses of the subject and its implications for this case. The proposed third party complaint seeks indemnification from the dog's owners based on their negligence in failing to protect the public from the dog after its first human attack.
 I. STANDING TO CHALLENGE DEFENDANTS' MOTION TO IMPLEAD THE DOG OWNERS
Before addressing the plaintiffs' substantive arguments concerning the issues presented through the pending motion, the court has noted the defendants' threshhold argument that the plaintiffs lack standing to challenge the issue of impleader, because it relates to an indemnification action involving only the Town of East Granby, its CT Page 15510 employee, and the Pericozzis. The defendants submit "that the plaintiff does not have standing to challenge the [third party] complaint as it is not directed to the plaintiff" This argument, skirts the actual issue raised by the plaintiffs, which does not focus upon the merits of the proposed third-party complaint, but upon the propriety of seeking the court's permission to submit such a complaint at this stage of the proceedings. The court finds this issue in favor of the plaintiffs.
The defendants have not submitted any authority for the proposition that the plaintiffs lack standing to object to the court's grant of permission to file an impleader complaint. While the plaintiffs have not briefed this issue, the court notes that the plain language of §52-102a (a) contemplates their standing to object to the defendants' request for permission to implead in this matter. As a prerequisite for allowing the defendants to succeed in their motion, this statute anticipates that the court will have used its discretion to ensure, among other things, that "granting of the motion will not . . . work an injustice upon the plaintiff. . . ." General Statutes § 52-102a. This language clearly contemplates the plaintiff's interest in the issue of whether or not a third party should be introduced and accepted into the pending action.
As the plaintiffs have not challenged the merits or content of the proposed complaint against the Pericozzis, the court finds that §52-102a (a) them with standing to address the propriety of the defendants submission of a third party complaint against the Pericozzis.
 II. RELATION BETWEEN THE PLAINTIFFS' COMPLAINT AND THE PROPOSED THIRD PARTY COMPLAINT
The plaintiffs first argue that the defendants cannot implead a third party for the purpose of litigating matters that extrinsic to their lawsuit. The plaintiffs argue that the impleader of the Pericozzis would insert into their cause of action factual matters which are not inherently related to the issues raised in the underlying complaint. Specifically, the plaintiffs submit that it would be improper for the defendants to implead the Pericozzis because they are not "in some manner responsible for examining the dog warden applicants and/or for providing training and supervision to the defendant Town's dog warden," the issues fundamental to their claims against the defendants. Plaintiff's Objection to Defendants Motion to Implead, dated May 24, 2000, p. 2. The defendants argue that the motion to implead should be granted because the proposed third party defendants are or may be liable to the them for any losses they may suffer as the result of the plaintiff's claim. The defendants further argue that a claim for indemnification may be brought even though the theories raised against the third party defendant are different from CT Page 15511 that alleged against the defendant. The court finds this issue in favor of the defendants.
The plaintiffs rely on Allen v. Chase; 81 Conn. 474, 71 A. 367 (1908); to support the proposition that Connecticut practice and procedure precludes the impleader of a third party to litigate matters that are not connected to the original lawsuit. Addressing an action upon a debt in that venerable opinion. Connecticut Supreme Court upheld the trial court's denial of a motion that had been brought by the debtor to cite in a party defendant: "[The] facts did not show that [the proposed defendant's] presence as a party was in anyway essential to a proper determination of the controversy between the plaintiff and the defendant, or that he had or claimed to have any interest in that controversy." Id., 476. Despite the vigor of the plaintiffs' argument, the court notes that the element of "essential" relation to the underlying controversy is not precisely requisite to impleader actions. The quoted portion of the Allen v. Chase text tracks the language found in the contemporary version of General Statutes § 52-102, which governs the joinder of persons with interests adverse to the plaintiff and joinder of necessary persons.[6] On the other hand, § 52-102a, which, as noted, governs impleading a third party defendant, lacks the restrictive essential" element found in § 52-102, and permits a court to grant the motion to implead in its discretion, even in the absence of this factor. Because a motion to implead a third party defendant for purposes of indemnification is presently at issue, in contrast to a motion for joinder, the Allen case is of value for historical interest, not as precedent.
Although Allen v. Chase is inapposite to the issues pending before this court, the plaintiffs further argue that the underlying factual allegations in the original complaint and the third party complaint must be the same to maintain an indemnification claim. Here, because the plaintiffs' causes of action are grounded in negligent hiring and supervision and nuisance and the allegations of the proposed third party complaint are grounded on separate negligent conduct, the plaintiffs argue that the motion to implead must be denied.
Even if the plaintiffs have standing to address issue, but court again notes the distinction between § 52-102 and § 52-102a, and finds no support at law for the plaintiff's proposition. A relevant analysis of the factors pertinent to the relation between a plaintiff's underlying complaint and a proposed third party complaint may be found in10 Westport Holdings v. Wilton Hunt LTD., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145035 (January 15, 1999,D'Andrea, J.). In that matter, the plaintiff's complaint had alleged causes of action sounding in trespass, negligence, reckless misconduct CT Page 15512 and nuisance against the defendant construction contractors. The court had permitted one of the defendants to implead Travelers Property and Casualty Corporation (Travelers), who had the obligation to provide insurance coverage for that defendant. Travelers moved to strike the third party complaint arguing, inter alia, that this complaint sought only indemnification, and thus did not involve the same issues of tort pursued by the plaintiff in the original action. The court distinguished between a cross claim directed at a named defendant and a motion to implead a third party. Allowing the third-party complaint to stand, the trial court noted that when determining the sufficiency of a third party impleader complaint against an insurer, pursuant to § 52-102a (a), there is no requirement that the relationship between the third party plaintiff and defendant arise out of the same transaction as that between the original plaintiff and the defendant. 10 Westport Holdings v. WiltonHunt LTD, supra, Docket No. 145035.
This analysis is equally applicable to the present case, where the Town of East Granby and its employee look to the Pericozzis for indemnification, if not for the provision of insurance coverage.[7] In the present case, thus, no rule of law requires a require a third party impleader complaint to be based upon the same transactional facts as those set forth in the underlying complaint, or to be intrinsically connected to those facts.[8]
 III. INJUSTICE UPON THE PLAINTIFF — § 52-102a
The plaintiffs next object to the defendants' motion to implead on the grounds that the presence of the Pericozzis in this matter will work an injustice upon them and that, as such, the motion should be denied pursuant to § 52-102a. The defendants argue that no prejudice to the plaintiffs through the granting of their motion, and that no rights will be forfeited thereby. The court finds this issue in favor of the plaintiffs.[9]
The plaintiffs argue that if the defendant is permitted to implead the Pericozzis, when they are not able to assert a direct action against the third party defendants, the effect will be to overwhelmingly weaken their case against the primary defendants, the Town of East Granby and its dog warden, Linda Rossetti. Specifically, the plaintiffs contend that if the motion to implead is granted, during trial they will be limited to the argument that the primary defendants are liable, while the defendants/third party plaintiffs will argue that the third party defendants are liable, thus making the plaintiff's recovery less likely. The plaintiff claims that this detrimental effect is further magnified because the plaintiff will not be able to assert a direct claim against the third party defendant. CT Page 15513
In support of their claims that the impleader of the Pericozzis into this matter will work an injustice against them, the plaintiffs cite bothProtter v. Brown Thompson and Co. 25 Conn. App. 360, 593 A.2d 524, cert. granted, 220 Conn. 910, 597 A.2d 335 (1991) (appeal withdrawn) andVincent v. Litchfield Farms, Inc.; 21 Conn. App. 524, 574 A.2d 834, cert. denied., 215 Conn. 815, 576 A.2d 545 (1990). The defendants argue that the plaintiff will suffer no prejudice because the legislature overruled Protter v. Brown Thompson and Co., supra, 25 Conn. App. 360 by enacting General Statutes § 52-598a.[10]
While the plaintiff's reliance on Protter is indeed misplaced, the defendants fail to obtain the desired succor through the application of § 52-598a, as well. Protter v. Brown Thompson and Co. once stood for the proposition that an indemnification action must be brought within the limitation period permitted for the tortious conduct underlying the original action. Protter v. Brown Thompson and Co., supra,25 Conn. App. 365. This potential dilemma was addressed by the legislature through its enactment of General Statutes § 52-598a, which effectively overruled the indemnification implications of theProtter v. Brown Thompson and Co. opinion. See Republic Ins. Co. v. PatDinardo Auto Sales, 44 Conn. Sup. 207, 212, 678 A.2d 516 (1995), cert. denied, 239 Conn. 906, 682 A.2d 1005 (1996). Section § 52-598a now allows an action for indemnification to be filed within a three year period following the date of a verdict or settlement against the party which seeks indemnification from another party. By its plain language, § 52-598a is acknowledged to be applicable to actions between joint tortfeasors for indemnification. Republic Ins. Co. v. Pat Dinardo AutoSales, supra, 44 Conn. Sup. 211. As the plaintiffs are not joint tortfeasors in the present case, § 52-598a is not applicable.[11]
Id.
Vincent v. Litchfield Farms, Inc., supra, provides a more cogent basis for the plaintiffs' position in this matter. That case reaffirmed the provisions of General Statutes § 52-102a (c) and Practice Book § 117 [now Practice Book § 10-11], establishing that within a plaintiff has only twenty days, following the appearance of a third party defendant, within which to assert any claim against that third party defendant arising out of the occurrence that is the subject matter of the original complaint. In Vincent v. Litchfield Farms, Inc., the plaintiff brought an action sounding in negligence, seeking damages for injuries she had sustained in a fall in the parking lot of a restaurant operated by the defendant. Id., 525-26. Prior to the expiration of the negligence statute of limitations, the defendant filed a third complaint against its landlords seeking indemnification, and within twenty days after the landlords appeared, the plaintiff filed an amended complaint naming them CT Page 15514 as codefendants in the original action. Id., 526-27. The plaintiff's complaint against the landlords, however, had been served after the negligence statute of limitations had run. Id. The Appellate Court held that the plaintiff's compliance with § 52-102a(c) and Practice Book § 117 did not insulate her against the defendant's claims that the amended complaint was too late to provide her with a remedy against the landlord. Id., 528. The appellate court opined that "[t]he plaintiff's complaint was amended after the statute of limitations had run as to the third party defendants. The claim was, therefore, time-barred, and the trial court was correct in granting the third party defendant's motion for summary judgment [against her]." Id.
The rule of Vincent v. Litchfield Farms, Inc. is applicable to the circumstances presented by the case at bar. The Perricozzi's dog is alleged to have attacked the plaintiff in July of 1997,[12] and the defendants' negligence is alleged to have taken place prior to that date, derived from their earlier knowledge of the dog's propensity for aggression against other living things. See Complaint. The plaintiff did not bring a tort action against the Pericozzi defendants within the three year prescribed statute of limitations prescribed by § 52-577. The plaintiff is, therefore, time-barred from asserting a direct claim against the third party defendants as the statute of limitation period is passed. Vincent v. Litchfield Farms, Inc., supra, 21 Conn. App. 528. If the defendants' motion to implead is now granted, after the expiration of the statute of limitations affecting a direct action by the plaintiffs against the Pericozzis, they would be precluded from proceeding against the dog owners in any fashion, although the defendants' would be entitled to present their case of indemnification.[13]
The court thus accordingly must address the issue of "injustice upon the plaintiff," as contemplated by § 52-102a, within the context of their inability to bring a direct action against the third party defendants, given the present posture of this case.[14] The Pericozzis, as third party defendants, would be permitted to assert any defenses they may have had to the original action. Malerba v. CessnaAircraft Co., 210 Conn. 189, 193, 554 A.2d 287 (1989). The plaintiffs, however, could only respond to the actions of the third party defendants, without the opportunity to achieve any remedy. The plaintiffs would be significantly restricted in their ability to counter the primary defendants' arguments that the third party defendant caused the plaintiffs injuries. As a practical matter, therefore, if the Pericozzis were impleaded, the plaintiff could not benefit rom proof that establishes the liability of both the primary defendants and the third-party defendants.
Based upon all of these factors, the court finds that allowing the CT Page 15515 defendant to assert an indemnification claim against the third party defendants, where the plaintiffs are barred by the statute of limitations from asserting a direct claim against them, would work an injustice upon them, within the meaning of § 52-102a. Moreover, if the plaintiffs should succeed in their cause against the Town of East Granby and Rossetti, these defendants are entitled thereafter to bring forward a separate and independent complaint seeking indemnification from the Pericozzis, so long as the complaint is brought "within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement." General Statutes § 52-598a. On balance, the interests of justice and the principles of § 52-102a will best be served by denying the defendants the opportunity to implead the Pericozzis at this time.
 IV. CONCLUSION
The court finds that the plaintiffs have standing to object to the defendants' motion to implead, pursuant to the plain language of General Statutes § 52-102a. Furthermore, the court finds that under the totality of the circumstances presented in this case, granting the pending motion to implead third party defendants, where the statute of limitations prevents the plaintiffs from bringing a direct claim against those third party defendants, would work an injustice to the plaintiffs, within the meaning of § 52-102a.
Accordingly, the defendants' Motion to Implead (#113) is hereby DENIED.
BY THE COURT,
N. Rubinow, J.