**BROOKRIDGE FUNDING CORP.,**
Plaintiff–Appellant–Cross–
Appellee,

v.

**NORTHWESTERN HUMAN RE-
SOURCES, INC.,** Defendant–
Appellee–Cross–Appellant.

Nos. 05–3678–CV, 05–3836–CV.

United States Court of Appeals,
Second Circuit.

March 2, 2006.

Douglas R. Steinmetz, Pepe & Hazard LLP, Southport, CT, for Plaintiff–Appellant–Cross–Appellee.

Robert B. Bodzin, Kleinbard, Bell & Brecker, Philadelphia, PA, for Defendant–Appellee–Cross–Appellant.

Present: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court be and hereby is **AFFIRMED** in part and **REVERSED** in part and this case remanded for further proceedings.

Both parties appeal from the judgment of the district court (Droney, *J.*) entered August 24, 2004 and reaffirmed June 10, 2005, awarding plaintiff $1.4 million in damages following a bench trial. The par-

ties' familiarity with the facts and procedural history of the case is assumed.

As a threshold matter, we reject as waived defendant's argument that we lack jurisdiction over this matter because it should have been submitted to binding arbitration pursuant to a contractual arbitration clause. The right to arbitrate is an affirmative defense that is waived where the party seeking to raise the defense "engages in protracted litigation that results in prejudice to the opposing party." *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993). Such prejudice has been found where "a party seeking to compel arbitration engages in discovery procedures not available in arbitration, makes motions going to the merits of an adversary's claims, or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense." *Id.* (citations omitted). Here, defendant has done all three things, and in addition has litigated the case to trial without ever raising this defense below. A party may not "allow the substantive lawsuit to run its course ... and then, if dissatisfied with the result, seek to enforce the right to arbitration on appeal from the final judgment." *Id.* at 180.

Defendant next challenges the district court's finding that the parties had a meeting of the minds with respect to the contract at issue. Whether a meeting of the minds occurred is a question of fact, *Fortier v. Newington Group, Inc.*, 30 Conn.App. 505, 509–10, 620 A.2d 1321 (1993), which we review for clear error. *Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1176 (2d Cir. 1995). Upon review of the record, we find no clear error and so affirm this finding.

Defendant also challenges the district court's finding that the agreement

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

was supported by consideration. This is also a question of fact, *Benedetto v. Wanat,* 79 Conn.App. 139, 150, 829 A.2d 901 (2003), and so is also reviewed for clear error. In this case, the district court did commit clear error, in that it misconstrued Connecticut law, under which consideration "consists of a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." *Id.* The district court construed "loss or detriment" consideration as having the same requirements as promissory estoppel, *i.e.,* that plaintiff suffered a detriment through its reliance on defendant's fulfillment of its contractual obligations. Instead, "loss or detriment" consideration requires a finding that the contract itself commits one party to suffer a loss or detriment. *See, e.g., Republic Ins. Co. v. Pat DiNardo Auto Sales, Inc.,* 44 Conn.Supp. 207, 219–20, 678 A.2d 516 (Conn.Super.Ct.1995). Here, while the district court found that the plaintiff made a payment to a third party in reliance on defendant's contractual commitments, the contract itself did not obligate plaintiff to make this payment, and so "loss or detriment" consideration is not present.

We cannot simply construe the district court's finding as one of promissory estoppel because the district court has not found all the factual predicates for a promissory estoppel claim. In particular, the district court has not determined that "injustice can be avoided only by enforcement of the promise." *D'Ulisse–Cupo v. Bd. of Dirs.*

of *Notre Dame High Sch.,* 202 Conn. 206, 213, 520 A.2d 217 (1987) (quoting Restatement (Second) of Contracts § 90). On remand, the district court should determine whether promissory estoppel is appropriate or, in the alternative, whether the contract conferred sufficient benefit upon defendant as to constitute consideration. We express no opinion as to the validity of plaintiff's other claims, which also are available on remand should the district court find the need to reach them.

▪ Because we have vacated the finding of liability, we do not now fully review the district court's findings as to damages. However, to clarify the issues on remand, we observe that, in Connecticut, promissory estoppel "serves as an alternative basis to enforce a contract" rather than a separate cause of action. *Torringford Farms Ass'n v. City of Torrington,* 75 Conn.App. 570, 576, 816 A.2d 736 (2003). Connecticut thus follows the approach of the Restatement (Second) of Contracts, under which "full-scale enforcement by normal remedies is often appropriate." Restatement (Second) of Contracts § 90 comment d. For this reason, defendant's argument that, should liability rest on a promissory estoppel theory, damages *must* be limited to the amount plaintiff paid out of pocket rather than including plaintiff's expected benefit of the bargain is incorrect. Defendant is, of course, free to argue that this case presents circumstances under which normal contract remedies are inappropriate.[1]

---

**1.** In addition, should the district court reaffirm its finding of liability, it must make a new determination as to whether prejudgment interest should be awarded applying the correct standard. Under Connecticut law, the ultimate question is simply "whether the detention of the money is or is not wrongful under the circumstances." *Cecio Bros., Inc. v. Feldmann,* 161 Conn. 265, 275, 287 A.2d 374 (1971). The "wrongfulness" of the deten-

tion is a determination "to be made in view of the demands of justice rather than through the application of an arbitrary rule." *Maloney v. PCRE, LLC,* 68 Conn.App. 727, 755, 793 A.2d 1118 (2002) (internal quotations and citation omitted). Courts have identified several factors that can be useful in guiding their inquiry into wrongfulness, such as whether the sum to be paid has been reduced to a liquidated amount, *see Slattery v. Maykut,* 176

Accordingly, we **VACATE** the judgment of the district court and remand this case for further proceedings consistent with this order.

Conn. 147, 155, 405 A.2d 76 (1978), and whether defendant acted in bad faith, *see Ferrato v. Webster Bank,* 67 Conn.App. 588, 596, 789 A.2d 472 (2002), but these factors are simply tools for assessing wrongfulness and not additional elements to be balanced against wrongfulness itself.

